COMMONWEALTH of Pennsylvania

v.

Harold F. FORD, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 13, 2007.

Filed April 29, 2008.

Robert P. Brendza, Exton, for appellant.

Nicholas J. Casenta, Asst. Dist. Atty., for Com., appellee.

BEFORE: MUSMANNO, LALLY-GREEN, and PANELLA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Harold F. Ford, appeals from the order entered on May 29, 2007, by the Honorable James P. MacElree II, Court of Common Pleas of Chester County, which denied his petition for relief filed pursuant to the Post–Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

¶ 2 On December 18, 2002, Ford was convicted of robbery[2] and criminal conspiracy.[3] Thereafter, on June 30, 2003, the trial court sentenced Ford pursuant to the mandatory sentencing provisions of 42 PA. CONS.STAT.ANN. § 9714(a)(2), also referred to as the "three strikes" law, to a term of 25–50 years incarceration for robbery and a concurrent term of 10–20 years incarceration for criminal conspiracy. By

1. 42 Pa. Cons.Stat.Ann. §§ 9541–9546.

2. 18 Pa. Cons.Stat.Ann. § 3701(a)(1)(ii).

3. 18 Pa. Cons.Stat.Ann. § 903(a)(2).

memorandum opinion dated July 14, 2004, this Court affirmed Ford's judgment of sentence. On April 19, 2005, Ford's petition for allowance of appeal with the Supreme Court of Pennsylvania was denied.[4]

¶ 3 On May 2, 2005, Ford filed a *pro se* PCRA petition, after which PCRA counsel was appointed and on October 20, 2006, an amended PCRA petition was filed. On February 5, 2007, both parties agreed that Ford's PCRA petition would be decided on briefs. N.T., 02/05/07. Following the submission of briefs, the PCRA court denied Ford's petition on May 29, 2007. This timely appeal followed.

¶ 4 On appeal, Ford raises the following issues for our review:

I. Whether [Ford] being sentenced in accordance with the Pennsylvania Three Strike Law was improper because it amounted to an unlawful retroactive application of the law?

II. Whether [Ford] was properly sentenced to Pennsylvania's Three Strike Law because he received no sentence for a Second Strike Conviction?

Appellant's Brief, at 4.

¶ 5 Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall,* 867 A.2d 619, 628 (Pa.Super.2005), *appeal denied,* 586 Pa. 756, 895 A.2d 549 (2006). The PCRA court's findings will not be disturbed unless there is no support for

the findings in the certified record. *See Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman,* 867 A.2d 542, 544 (Pa.Super.2005), *appeal denied,* 583 Pa. 669, 876 A.2d 393 (2005).

¶ 6 Our inquiry into the validity of Ford's sentence presents a nonwaivable question as to the legality of the sentence. *Commonwealth v. Shugars,* 895 A.2d 1270, 1279 (Pa.Super.2006) (citation omitted). Our standard of review is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa.Super.2006) (citation omitted).

¶ 7 Ford first challenges the legality of his sentence by alleging that the trial court inappropriately sentenced Ford pursuant to 42 PA. CONS.STAT. ANN. § 9714. Specifically, Ford contends that the trial court's imposition of the mandatory minimum sentence pursuant to section 9714 amounted to a retroactive application of the law which was unintended by the legislature. A presumption against the retroactive effect of statutes is codified at 1 PA. CONS.STAT. ANN. § 1926, which provides

---

4. On October 14, 2004, Ford filed a *pro se* PCRA petition, which the lower court denied as premature by order dated October 15, 2004, pending Ford's petition for allowance of appeal with the Supreme Court.

that no statute shall be construed as retroactive unless clearly and manifestly so intended by the General Assembly.

¶ 8 Section 9714 provides for mandatory three strikes sentencing as follows:

**§ 9714. Sentences for second and subsequent offenses**

**(a) Mandatory sentence.—**

\* \* \*

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

\* \* \*

**(g) Definition.—**As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, burglary of a structure

adapted for overnight accommodation in which at the time of the offense any person is present, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

\* \* \*

42 Pa. Cons.Stat. Ann. § 9714. The statute as it currently exists reflects a legislative amendment enacted December 20, 2000, which omitted the requirement that to be considered as strikes, previous convictions must have been committed within seven years of the date of the instant offense for which a defendant is receiving sentence. *See* 2000, Dec. 20, P.L. 811, No. 113, § 2 (effective in 60 days).

¶ 9 Instantly, Ford argues that any crimes which occurred prior to the amendment to section 9714 should not be considered strikes for purposes of sentencing a defendant as a third strike offender. However, in *Commonwealth v. Smith,* 866 A.2d 1138 (Pa.Super.2005), *appeal denied,* 583 Pa. 682, 877 A.2d 462 (2005), a panel of this Court firmly rejected the argument that section 9714 was retroactive. *See id.,* at 1143–44. In so finding, this Court found it determinative that section 9714 applies "prospectively only to future offenses and [does] not change the punishment for the predicate offense." *Id.,* at 1144, *citing Commonwealth v. Brown,* 741 A.2d 726, 732 (Pa.Super.1999) (holding that section 9714 is not an ex post facto law), *appeal denied,* 567 Pa. 755, 790 A.2d 1013

(2001). Moreover, the Court found that "even if we were to deem § 9714 'retroactive' on some level because it takes into account convictions that occurred prior to its enactment, we would find that the legislature surely intended such a result, thereby satisfying § 1926." *Id.* Accordingly, Ford's argument that the application of section 9714 is illegally retroactive is without merit.

¶ 10 Lastly, Ford argues that because he was never sentenced as a second strike offender pursuant to section 9714, he cannot be sentenced as a third strike offender. Ford claims, specifically, that he was erroneously "sentenced as a third strike offender [when] he was never given the opportunity to reform after being sentenced as a first or second strike offender." Appellant's Brief, at 8.

¶ 11 In support of his claim, Ford relies upon our Pennsylvania Supreme Court's decision in *Commonwealth v. Shiffler*, 583 Pa. 478, 879 A.2d 185 (2005). The appellant in *Shiffler* entered an open guilty plea to, *inter alia*, one count of burglary. *Id.*, 583 Pa. at 481, 879 A.2d at 187. During sentencing, the Commonwealth introduced evidence that Shiffler had previously pled guilty in a separate criminal proceeding to three separate charges of burglary, and argued that he should therefore be sentenced as a third time offender pursuant to section 9714(a)(2). *Id.* Shiffler, however, argued that because he had received a "totally concurrent" sentence on the previous burglary convictions, they should be considered a single conviction for purposes of section 9714. *Id.* The trial court ultimately agreed with the appellant, and imposed a sentence of five to ten years imprisonment for the burglary charge. *Id.*

¶ 12 On appeal, this Court vacated Shiffler's sentence and remanded, holding that Shiffler should have been treated as a third time offender and sentenced to the twenty-five year mandatory minimum under section 9714(a)(2). In so holding, this Court reasoned that despite the fact that Shiffler had pleaded guilty to the three separate charges on the same day and received concurrent sentences, they should be considered separate strikes under section 9714. *See id.*, 583 Pa. at 482, 879 A.2d at 188, *citing Commonwealth v. Shiffler*, 833 A.2d 1128, 1129 (Pa.Super.2003). Shiffler thereafter pursued and was granted allowance of appeal with our Pennsylvania Supreme Court.

¶ 13 On appeal, the Supreme Court reversed this Court's order and remanded for resentencing. In determining that the appellant's prior conviction of three separate charges of burglary, for which he received concurrent sentences, constituted a single, rather than multiple, strike for the purpose of applying the mandatory sentencing provisions of section 9714 upon a subsequent burglary conviction, the Supreme Court reasoned that because section 9714 reflects a "recidivist philosophy," the mandatory minimum sentencing provisions imposed upon conviction of a third offense should not be imposed unless a defendant is given an opportunity to first reform following the conviction of previous strike offenses. *Id.*, 583 Pa. at 494–496, 879 A.2d at 195. In so deciding, the Supreme Court was mindful of the aforementioned philosophy and cited from the appellant's brief:

> [t]he prevalent view is that enhanced punishment cannot be imposed unless all of the defendant's prior convictions preceded commission of the principal offense, and each prior offense and conviction occurred in chronological sequence. Thus, each offense, following the first,

must have been committed after the defendant's conviction of the immediately preceding offense. Courts adopting this view have reasoned that habitual offender statutes are intended to warn the potential career criminal of the consequences of persistent criminal activity, and to give the offender an opportunity to reform through exposure to the restraining influences of conviction and punishment before the more severe punishment of an habitual offender statute is imposed. **The offender is deemed incorrigible not so much because he or she has sinned more than once, but because the offender has demonstrated, through persistent criminal behavior, that he or she is not susceptible to the reforming influence of the conviction process.**

*Id.*, 583 Pa. at 494–95, 879 A.2d at 195.

¶ 14 Instantly, while our Supreme Court's decision in *Shiffler* is instructive in our review, we find that it fails to support Ford's request for relief. Unlike the facts presented in *Shiffler*, in which the Supreme Court found concurrent sentences without the intervening opportunity to reform to constitute a single strike under section 9714, our review of the certified record belies Ford's claim that he failed to receive a sentence upon his second burglary conviction. To the contrary, the Commonwealth's Sentencing Memorandum filed on June 17, 2003, in support of its Notice of Intent to Invoke Mandatory Minimum Sentencing Provisions, provides clear proof that Ford's prior convictions satisfy the mandates of both *Shiffler* and section 9714. Specifically, our review of the Commonwealth's Sentencing Memorandum reveals the following:

1.  On September 20, 1974, in case nos. 148–73 and 186–73, Ford pled guilty to, *inter alia*, the charge of Robbery While Armed and Robbery, respectively, and was sentenced to two concurrent terms of four to eight years imprisonment.

2.  On September 11, 1979, in case no. 1199–78, Ford was sentenced to 24 months to 59 months imprisonment following his conviction of, *inter alia*, Robbery.

3.  On December 20, 1991, in case no. 2883–88, Ford was sentenced to four to ten years imprisonment following his conviction of Robbery.

Commonwealth's Sentencing Memorandum, 06/17/03, Exhibits A, B, C, D.

¶ 15 Clearly, the record contradicts Ford's assertion that the requirements for a third strike offender were not established. Specifically, the record reflects that Ford was sentenced for crimes of violence on three occasions prior to the instant offense, and given intervening opportunities to reform, of which he clearly failed to take advantage. As noted by the learned trial judge, Ford's current Robbery conviction actually represents his *fourth* strike. Accordingly, we find no error in the trial court's imposition of the mandatory minimum sentence pursuant to section 9714(a)(2).

¶ 16 Order affirmed. Jurisdiction relinquished.