J-S64031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER NICHOLAS BAILEY | |
| Appellant | No. 583 WDA 2014 |

Appeal from the PCRA Order March 14, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0002114-2010

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED OCTOBER 24, 2014**

Appellant, Christopher Nicholas Bailey, appeals from the order entered in the Beaver County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add only that Appellant timely filed a notice of appeal on April 8, 2014, from the court's denial of PCRA relief.  The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises two issues for our review:

WHETHER PRIOR PLEA COUNSEL WAS INEFFECTIVE WHEN PRIOR PLEA COUNSEL ADVISED [APPELLANT] INCORRECTLY REGARDING THE POSSIBLE SENTENCE THAT WOULD BE IMPOSED FOLLOWING AN OPEN PLEA.

WHETHER THERE WAS ACTUAL PREJUDICE TO [APPELLANT] WHEN PRIOR PLEA COUNSEL INACCURATELY ADVISED [APPELLANT] REGARDING THE POSSIBLE [SENTENCE TO BE] IMPOSED.

(Appellant's Brief at 7).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Harry E. Knafelc, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (**See** PCRA Court Opinion, filed March 17, 2014, at 2-11) (finding: plea counsel presented to Appellant Commonwealth's offer of

- 2 -

twenty to forty years' imprisonment in exchange for Appellant's guilty plea to third-degree murder and aggravated assault; Appellant rejected negotiated plea, believing judge liked him and court would impose only ten to twenty year sentence if Appellant entered open guilty plea; plea counsel testified he explained to Appellant ramifications of pleading guilty and consequences of entering open plea; Appellant understood counsel's explanations; counsel testified he urged Appellant to accept Commonwealth's negotiated plea offer instead of entering open plea, as counsel believed Commonwealth would seek maximum sentence of thirty to sixty years' imprisonment if Appellant entered open plea; plea counsel did not promise Appellant ten to twenty year sentence in exchange for pleading guilty; counsel's testimony is credible; court conducted thorough plea colloquy, and Appellant signed written plea colloquy confirming his plea was knowing and voluntary; Appellant's claim that counsel unlawfully induced his guilty plea is baseless).[1]  Accordingly, we affirm on the basis of the PCRA court's opinion.

_____

[1] We are mindful of the United States Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), in which the Court expressly held that any fact increasing the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt.  ***Id.*** Recently, in ***Commonwealth v. Newman***, ___ A.3d ___, 2014 PA Super 178 (filed Aug. 20, 2014), an *en banc* panel of this Court made clear, *inter alia*, that ***Alleyne*** has only limited retroactivity; in other words, ***Alleyne*** applies to criminal cases still pending on direct review.  ***Id.*** at *2.  Here,
*(Footnote Continued Next Page)*

- 3 -

Order affirmed.

President Judge Emeritus Bender concurs in the result.

Judge Lazarus joins this memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/24/2014</u>

---

*(Footnote Continued)* ————————————

Appellant's appeal arises from the denial of a PCRA petition. Under these circumstances, ***Alleyne*** is unavailable.



IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY
PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA       :
                                   :
            vs.                    :       No. 2114 of 2010
                                   :
CHRISTOPHER BAILEY                 :

**OPINION AND ORDER**

**H. KNAFELC, J.**                              **March 14, 2014**

Before the Court is the Amended PCRA Petition filed on behalf of the Defendant, Christopher Bailey, filed on November 18, 2013. All of the issues raised in Defendant's PCRA Petition and the Amended Petition are dismissed as bald allegations wholly lacking in merit with the exception of the following issue, which shall be discussed *infra*: that trial counsel was ineffective for unlawfully inducing the Defendant to enter a plea, thus rendering the plea involuntary. On June 6, 2011, the Defendant pled guilty to one count of criminal homicide, a violation of 18 Pa.C.S.A. 2501(a)(1) as Murder of the Third Degree, and one count of Aggravated Assault, a violation of 2702(a)(1). The guilty plea was "open," as there was no agreement as to sentencing. On that same date, the Court imposed

1

a sentence as to Count 1, Murder in the Third Degree for the murder of Stephen Hardy, Jr., of not less than twenty (20) nor more than forty (40) years. The Court also ordered the Defendant to pay restitution in the amount of $6,749.40 to the Pennsylvania Crime Victim's Compensation Fund and $326.69 to Kim Lay. Regarding Court 2, the charge of Aggravated Assault as to Alonzo McKenzie, the Court imposed a sentence of imprisonment of not less than seven (7) years nor more than fourteen (14) years to run consecutive to the sentence at Count 1. A Motion for Reconsideration of Sentence was filed on June 16, 2011; said Motion was denied. On June 1, 2012, the Defendant filed a *pro se* PCRA Petition. An Amended Petition was filed on October 2, 2012. A No – Merit Letter was filed by the Beaver County Public Defender's Office on April 9, 2013. A Preliminary Order of Court and Notice was filed on April 15, 2013. An Amended PCRA was filed on November 18, 2013, after new counsel was appointed.

We note:

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999). Where the defendant enters his plea on the advice of counsel, "the

2

voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill*, 474 U.S. at 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)); *See also Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.").

Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002). The Post

Conviction Relief Act states:

> A petitioner is eligible for relief under Section 9543(a)(2)(ii) if he pleads and proves by a preponderance of the evidence that "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

> A petitioner is eligible for relief under Section 9543(a)(2)(iii) if he pleads and proves by a preponderance of the evidence that his conviction or sentence resulted from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii).

3

Hickman, 799 A.2d at 140, fn. 2. A hearing on the matter was scheduled for February 6, 2014, at which time the following testimony and evidence was presented:

The Defendant, Christopher Bailey, testified first on his own behalf. He stated that he is thirty (30) years old and is in jail at the State Correctional Facility serving his sentence for Murder in the Third Degree and Aggravated Assault. He noted that he entered an open guilty plea on June 6, 2011. He explained that a jury had already been picked when he entered the plea. He testified that the conversation he had in a room at the Courthouse with his attorney was the first time taking a plea was discussed. He asserted that his attorney told him that he could probably guarantee that he'd get a ten (10) ten to twenty (20) year sentence. He noted that his attorney told him that if he were to get convicted after a trial, he would get life imprisonment. He further agreed that he filled out the plea colloquy with his attorney, and wrote "yes" as to the question regarding admitting to the crimes for which he was charged. He testified, however, that he answered "yes" to admitting to committing the crimes for which he was charged because his attorney told him to answer "yes" in order to get the plea to go through. He reiterated that he hesitated in court on some of the questions when the Judge was questioning him. He asserted that based upon his discussion with

4

his attorney, he believed he would be sentenced to ten (10) to twenty (20) years of incarceration.

On cross, the Defendant admitted that he had discussed with his attorney the possibility that he might receive life without parole as to a conviction of First Degree Murder. He further admitted that he was aware of the Commonwealth's evidence against him, including the eyewitnesses and the video of the incident in front of the Elks Club of Beaver Falls. He agreed that his attorney discussed the evidence with him, and that he was aware that he was charged not only with murder, but with Aggravated Assault, Persons not to Possess Firearms, and Carrying a Firearm Without a License. He denied that he was aware that the Commonwealth would be asking for thirty (30) to sixty (60) years. He admitted that he filled out the plea colloquy form with the help of his attorney, and in the form admitted to the facts of the shooting. He also admitted to signing the Information. On re – direct, the Defendant reiterated that it was his own personal belief that he would be sentenced to ten (10) years of incarceration based upon his discussions with counsel.

Thomas Farrell testified on behalf of the Commonwealth. He stated that he has been an attorney since 1991. He asserted that he worked as an Assistant District Attorney until 1998, then worked at the Attorney General's Office until

5

1999, and then went into private practice as primarily a criminal defense attorney. He asserted that he is death penalty certified. He testified that he was hired by the Defendant after the Defendant was arrested. He noted that he reviewed all of the discovery and met with the Defendant many times. He asserted that the Defendant alerted him to a potential alibi witness, but she would not call or contact him.

Mr. Farrell explained that he assumed there would not be a plea offer. He noted that the witnesses and the videotape were problematic for the defense. He asserted that the videotape reveled that at first, a couple of shots were fired, then there was a gap in time, then another shot was fired, and then some time passed and more shots were fired. He asserted that in his opinion, the videotape showed that this was in fact First Degree Murder.

After the jury was picked, he approached the prosecutor with a request for a plea to Third Degree Murder. He explained that the Commonwealth's first offer was for a recommendation of twenty (20) to forty (40) years. He noted that when he added up all of the charges, the Defendant was facing seventy – seven (77) years, so he thought that the Commonwealth had made a great offer and he highly recommended that his client take the offer. He testified that the prosecutor had always indicated that the plea would be to Murder in the Third

6

Degree and Aggravated Assault. He noted that it was his personal opinion that the Defendant would receive thirty (30) to sixty (60) years. He further noted that the Defendant stated that he would take a plea to ten (10) to twenty (20) years. Mr. Farrell asserted that he explained to the Defendant that there was a possibility the Defendant would receive ten (10) to twenty (20) years, but the likelihood of that happening would be the equivalent of winning the lottery. He specifically stated that he never promised the Defendant that he would receive a specific sentence and never promised the Defendant that he would receive ten (10) to twenty (20) years.

Mr. Farrell testified that the prosecutor would not agree to a recommendation of ten (10) to twenty (20) years. He stated that the Defendant wanted to plea generally to Third Degree Murder. He reiterated that the initial plea offer had been for the Defendant to plea to Third Degree Murder and Aggravated Assault with a recommendation of twenty (20) to forty (40) years. He asserted that he made the Defendant aware of the fact that the Commonwealth would be asking for thirty (30) to sixty (60) years. Mr. Farrell testified that he informed the Defendant that the open plea was a dumb idea, and explained to him that the fixed time period recommendation was a better deal. He noted that he discussed with the Defendant exactly what he would be pleading to multiple

times. He stated that the Defendant told him what happened the night of the incident, and explained to counsel that he was a member of a gang and was with another fellow that evening who was pointing out members of another gang. Mr. Farrell testified that the Defendant informed him that he pulled out a gun and shot at someone, and then shot the victim, who later died; when he noticed the victim had not fallen down, he stopped and said, "[t]hat mother f-----'s still standing," and then shot him again, and finished by shooting the other victim.

Regarding the Defendant's alibi witness, defense counsel noted that the Defendant's paramour was angry that the Defendant had other girlfriends and therefore did not return his phone calls. Mr. Farrell observed that the Defendant is intelligent and understood everything. According to defense counsel, the Defendant thought the Judge liked him and would sentence him to ten (10) to twenty (20) years.

On cross, Mr. Farrell admitted that he did not press the Commonwealth early on for a plea. He reiterated that the plea offer from the Commonwealth was for a recommendation of twenty (20) to forty (40) years. Mr. Farrell explained that on the day the Defendant entered the plea, he had extensive conversations with the Defendant about the ramifications of entering the plea, including explaining the difference between a jury versus a non – jury trial, etc.

8

He noted that on June 6, 2011, the day the Defendant entered the plea, he got to the Courthouse between 8:00 and 8:30 in the morning, and went to see the Defendant in lock – up at around 8:30 a.m. The actual plea did not take place until 10:30 a.m., and in his opinion, this was enough time for the negotiations and explaining the ramifications to the Defendant to occur. He noted that he believed that the Defendant had a prior record score of 3 for a prior Aggravated Assault conviction, and stated that the standard range for Murder in the Third Degree would have been ten (10) to twenty (20) years. He testified that he expected that the Judge would have sentenced the Defendant to twenty (20) years. Regarding the Aggravated Assault charge, Mr. Farrell asserted that the standard range was for four and a half (4½) to six (6) years, plus a mandatory five (5) to ten (10) years.

On re – direct, Mr. Farrell reiterated that he had informed the Defendant that regarding the open plea, the Commonwealth would be making every effort to argue that he should be sentenced to thirty (30) to sixty (60) years. On re – cross, Mr. Farrell again pointed out that the Defendant had a prior conviction for Aggravated Assault, and knew the criminal justice system. He stated that he explained to the Defendant as clearly and concisely as possible the potential ramifications of an open plea, and tried to persuade him to accept a plea deal that

9

locked into a specific time frame recommendation. Mr. Farrell noted that the Defendant understood that.

We find Mr. Farrell's testimony in this matter to be credible, and thus we conclude that the Defendant was not unlawfully induced into entering into the plea in this case. The Defendant rejected the original plea offer by the Commonwealth for a recommended sentence of twenty (20) to forty (40) years. The Defendant was never promised a ten (10) to twenty (20) sentence range recommendation, and we find Mr. Farrell's testimony regarding the plea offer and discussions with the Defendant to be credible. We also find credible Mr. Farrell's testimony that he presented the Commonwealth's offer to the Defendant, and urged him to take an offer with set time recommendations instead of an open plea. We also find credible Mr. Farrells' testimony that he diligently explained the potential pitfalls of taking an open plea, and also that he explained to the Defendant that the Commonwealth was going to argue for a longer sentence than twenty (20) to forty (40) years at the time of sentencing if an open plea was entered into.

On June 6, 2011, the Defendant entered a plea to one count of Murder in the Third Degree and one count of Aggravated Assault. The Court conducted a thorough and complete plea colloquy with the Defendant prior to entry of the

10

plea. The potential sentences that the Defendant might receive were clearly stated to the Defendant. The Defendant admitted to each element of the crimes, and agreed that he was entering the plea of his own free will. Further, he submitted a signed written plea colloquy upon which he answered in the affirmative as to whether he understood the nature of the charges, admitted to committing all of the elements of the crimes to which he pled, and admitted that his lawyer had explained the elements of the criminal offenses to which he was pleading guilty. Importantly, at the time of the hearing, the Defendant acknowledged that he understood that he was entering into an open plea to Murder in the Third Degree and Aggravated Assault. The meaning of an open plea was explained to the defendant by defense counsel at the time of the plea colloquy. Further, the Defendant acknowledged that he understood the ranges of the sentences that the Court could legally impose and was told by the prosecutor that the Commonwealth would be asking for the highest sentence possible under the law. The Defendant's assertion that he was unlawfully induced into entering into a guilty plea is baseless.

Based upon the foregoing, we enter the following Order:

11



# IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :

:

vs.  :  No. 2114 of 2010

:

CHRISTOPHER BAILEY  :

## ORDER

**H. KNAFELC, J.**                                                    **March 14, 2014**

AND NOW, upon consideration of the Amended PCRA Petition filed on behalf of the Defendant, Christopher Bailey, IT IS HEREBY ORDERED AND DECREED that the Defendant's claim for relief regarding the allegation of unlawful inducement into entering a guilty plea is DENIED as baseless. All remaining issues raised in the PCRA Petition and the Amended PCRA Petition are DISMISSED as utterly baseless and without any substantive merit.

BY THE COURT:

J.

12