J-S01005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALEXI SANTIO DELMORAL | : | |
| | : | |
| Appellant | : | No. 969 MDA 2016 |

Appeal from the PCRA Order May 31, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001140-2011

BEFORE:   GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 27, 2017**

Appellant, Alexi Santio Delmoral, appeals from the order entered in the Dauphin County Court of Common Pleas, dismissing his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion filed on May 31, 2016, the PCRA court fully and correctly set forth the relevant facts and procedural history of this case.[2]  Therefore, we have no reason to restate them.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] We make the following corrections to the PCRA court's opinion: In addition to Appellant's convictions for aggravated assault and recklessly endangering another person, the jury convicted Appellant of two counts of persons not to possess firearms.  This Court affirmed Appellant's judgment of sentence on June 8, 2012 (not July 17, 2012); and our Supreme Court denied allowance

*(Footnote Continued Next Page)*

Appellant raises one issue for our review:

DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S REQUEST FOR RELIEF UNDER THE [PCRA] BY CONCLUDING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO REQUEST A PRE-SENTENCE INVESTIGATION?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Scott A. Evans, we conclude Appellant's issue merits no relief. The PCRA court

_(Footnote Continued)_ _____

of appeal on May 14, 2013 (not June 12, 2013). *See Commonwealth v. Delmoral*, 53 A.3d 926 (Pa.Super. 2012), *appeal denied*, 620 Pa. 695, 67 A.3d 793 (2013). Although the PCRA court sometimes refers to Appellant's current petition as a "second" PCRA petition, the current petition is Appellant's **first** PCRA petition following the date Appellant's judgment of sentence became final.

opinions comprehensively discuss and properly dispose of the question presented. (**See** PCRA Court Opinion, filed September 1, 2016, at 1; Opinion in Support of Denial of PCRA Relief, filed May 31, 2016, at 2-5) (finding:[3] trial counsel testified Appellant was aware he faced 10-year mandatory minimum sentence for aggravated assault conviction as second strike offense under 42 Pa.C.S.A. § 9714; counsel and Appellant discussed potential mandatory minimum sentence prior to trial; counsel stated Appellant was aware court could impose consecutive sentences for Appellant's other convictions; counsel testified his practice is to inform clients about option of requesting pre-sentence investigation ("PSI"), particularly where significant prison time is possible; counsel said he informed Appellant that he could request PSI, but Appellant "made it pretty clear that he just wanted to proceed to sentencing and get it over with"; trial counsel's testimony was credible; sentencing transcript confirms Appellant's waiver of PSI was voluntary; sentencing transcript also makes clear

_____

[3] The Commonwealth claims Appellant waived his issue on appeal due to vagueness in Appellant's Rule 1925(b) statement. The record shows Appellant withdrew all but one issue prior to the PCRA hearing. Thus, the PCRA court had no doubt about what Appellant sought to challenge on appeal and adequately addressed Appellant's issue in its opinions. In this scenario, we decline to find waiver. **See Commonwealth v. Laboy**, 594 Pa. 411, 936 A.2d 1058 (2007) (holding appellate court should conduct merits review of claim raised on appeal notwithstanding vagueness in Rule 1925(b) statement, where case is relatively straightforward, trial court readily understood appellant's claim, and trial court addressed claim in substantial detail in its opinion).

Appellant understood he would receive mandatory minimum sentence of 10 years' imprisonment; trial court had all pertinent information prior to imposing sentence; Appellant's ineffective assistance of counsel claim lacks arguable merit). Accordingly, we affirm on the basis of the PCRA court's opinions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017