J-S58039-17

2017 PA Super 359

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL LUIS RIVERA-FIGUEROA | : | |
| | : | |
| Appellant | : | No. 361 MDA 2017 |

Appeal from the PCRA Order February 8, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000866-2013,
CP-38-CR-0001126-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

OPINION BY GANTMAN, P.J.:                    **FILED NOVEMBER 14, 2017**

Appellant, Angel Luis Rivera-Figueroa, appeals from the order entered in the Lebanon County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Appellant pled guilty on October 24, 2002, to two counts of indecent assault and one count each of corruption of minors and endangering the welfare of children.  On January 7, 2003, the court sentenced Appellant to three to six years' imprisonment.  Appellant was also required to register and report to the Pennsylvania State Police for a period of ten years, pursuant to Megan's

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Law II.[2]  The General Assembly enacted Megan's Law III in 2004, which went into effect on January 24, 2005.  Megan's Law III expired on December 20, 2012, and gave way to the Sexual Offender Registration and Notification Act ("SORNA"), which took effect on that same date.  SORNA required individuals convicted of certain sexual offenses to register with the Pennsylvania State Police, including individuals previously subject to reporting requirements who had not yet fulfilled their registration period.

On December 21, 2012, the Commonwealth charged Appellant at docket number CP-38-CR-0000866-2013 with failure to comply with registration requirements under Megan's Law III.  The Supreme Court declared Megan's Law III unconstitutional on December 16, 2013.  **See Commonwealth v. Neiman**, 624 Pa. 53, 84 A.3d 603 (2013).  On December 20, 2013, Appellant filed a motion to dismiss charges based on the **Neiman** decision.  The court continued a hearing on Appellant's motion to dismiss on January 22, 2014, until March 26, 2014.  On March 12, 2014, the General Assembly enacted 42 Pa.C.S.A. § 9799.11(b)(3) to address the holding in **Neiman**, which was retroactive to December 20, 2012.  Appellant filed a second motion to dismiss on March 17, 2014, claiming the newly-enacted law did not support the continuation of charges at docket number 866-2013.

---

[2] 42 Pa.C.S.A. § 9795.1

On June 12, 2014, the Commonwealth charged Appellant at docket number CP-38-CR-0001126-2014 with a second failure to comply with registration requirements under SORNA. The court denied Appellant's motion to dismiss charges at docket number 866-2013 on June 17, 2014, stating Appellant could not be charged under Megan's Law III, but he could be charged under Megan's Law II and SORNA. The court granted the Commonwealth leave to amend the information at docket number 866-2013. The Commonwealth filed an amended information on July 16, 2014, charging Appellant at docket number 866-2013 with failure to comply with registration requirements under Megan's Law II. On November 26, 2014, Appellant entered a negotiated guilty plea to one count each of failure to comply with registration requirements at both docket numbers 866-2013 and 1126-2014. The court sentenced Appellant on December 31, 2014, to an aggregate term of thirty-six months' to seven years' imprisonment; Appellant did not file a direct appeal.

On June 17, 2015, Appellant timely filed a *pro se* PCRA petition, and the court appointed counsel that same day. Counsel filed an amended PCRA petition on September 8, 2015. The court held a PCRA hearing on July 7, 2016, and on February 8, 2017, the court denied relief. Appellant timely filed a notice of appeal on February 27, 2017. On March 1, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on

March 13, 2017.

Appellant raises the following issue for our review:

WHETHER PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO WITHDRAW APPELLANT'S SENTENCE UNDER DOCKET NUMBER 866 OF 2013 AS APPELLANT RECEIVED AN UNCONSTITUTIONAL SENTENCE ON THAT DOCKET; AND AS A RESULT, APPELLANT SHOULD RECEIVE A NEW SENTENCE UNDER DOCKET NUMBER 1126 OF 2014 WHERE HE TOOK A GLOBAL PLEA BARGAIN. IF HIS SENTENCE UNDER DOCKET NUMBER 866 OF 2013 IS DEEMED UNCONSTITUTIONAL, APPELLANT SHOULD RECEIVE AN OVERALL LESSER SENTENCE?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297 (2011).

Preliminarily, we observe that our Supreme Court recently declared SORNA unconstitutional, because it violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. **Commonwealth v. Muniz**, ___ Pa. ___, 164 A.3d 1189 (2017). The **Muniz** court determined

SORNA's purpose was punitive in effect, despite the General Assembly's stated civil remedial purpose. *Id.* at \_\_\_, 164 A.2d at 1218. Therefore, a retroactive application of SORNA to past sexual offenders violates the *ex post facto* clause of the United States Constitution. *Id.* SORNA also violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the finality of sentences by enacting increasingly severe registration law. *Id.* at \_\_\_, 164 A.2d at 1223.

Generally, new constitutional rules of criminal procedure do not retroactively apply to convictions, which were final when the new rules are announced. *Montgomery v. Louisiana* \_\_\_ U.S. \_\_\_, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (as revised on January 27, 2016). Procedural rules regulate the manner of determining the defendant's culpability and are designed to enhance the accuracy of a conviction or sentence. *Id*.

In contrast, newly announced substantive rules are an exception to the retroactivity bar and include rules, which "[forbid] criminal punishment of certain primary conduct or [prohibit] a certain category of punishment for a class of defendants because of their status or offense." *Commonwealth v. Secreti*, 134 A.3d 77, 81 (Pa.Super. 2016) (quoting *Montgomery, supra*). When a state enforces a constitutionally-barred penalty, the resulting conviction or sentence is unlawful. *Montgomery, supra*. The United States Constitution requires state collateral review courts to give retroactive

effect to new substantive rules of constitutional law, which control the outcome of cases. *Id.*

Montgomery extended the holding of *Miller v. Alabama* to the state collateral review context. *Id.*; *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding Eighth Amendment of United States Constitution forbids sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders). *Montgomery* held *Miller* announced a new substantive rule because "it rendered life without parole an unconstitutional penalty for a class of defendants because of their status—that is, juvenile offenders whose crimes reflect the transient immaturity of youth." *Montgomery, supra* at \_\_\_, 136 S.Ct. at 734, 193 L.Ed.2d at \_\_\_. Thus, the substantive rule in *Miller* retroactively applied in the collateral context because there was a significant risk that a defendant faced a punishment the law cannot impose.[3, 4] *Montgomery, supra*.

---

[3] *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (holding only new substantive constitutional rules and watershed rules of criminal procedure are given retroactive effect in collateral proceedings).

[4] *Compare Commonwealth v. Washington*, \_\_\_ Pa. \_\_\_, 142 A.3d 810 (2016) (holding rule announced in *Alleyne v. United States*, \_\_\_ U.S. \_\_\_, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), is procedural because it does not alter range of conduct or class of persons punished by law and therefore cannot retroactively apply in collateral context). We are aware of this Court's recent decision in the direct appeal context, citing *Alleyne* to hold that 42 Pa.C.S.A. § 9799.24(e)(3) is unconstitutional. *See Commonwealth v. Butler*, \_\_\_ A.3d \_\_\_, 2017 PA Super 344 (filed
*(Footnote Continued Next Page)*

Instantly, the recent holding in *Muniz* created a substantive rule that retroactively applies in the collateral context, because SORNA punishes a class of defendants due to their status as sex offenders and creates a significant risk of punishment that the law cannot impose. *See Muniz, supra*; 42 Pa.C.S.A. § 9799.10(2) (stating one purpose of SORNA is to require individuals convicted or adjudicated delinquent of certain sex offenses to register with Pennsylvania State Police). The *Muniz* decision should be retroactively applied in state collateral courts to comply with the United States and Pennsylvania Constitutions. *See Montgomery, supra*. Our Supreme Court decided *Muniz* on July 19, 2017, while Appellant's case was on appeal from the denial of collateral relief, and nearly two years after he filed his counseled PCRA petition. Therefore, the best resolution of this case is to vacate, remand, and offer Appellant the opportunity to argue *Muniz*. Accordingly, we vacate the order denying PCRA relief and remand this case to the PCRA court to allow Appellant to amend his petition to include a *Muniz* claim.

Order vacated; case remanded. Jurisdiction is relinquished.

*(Footnote Continued)* ⸻

October 31, 2017). *Butler*, however, is distinguishable because *Butler* narrowed its attention and discussion to the section of SORNA that allowed the trial court to designate an individual as a sexually violent predator by clear and convincing evidence. According to *Butler*, this section of SORNA amounts to a factual finding which, under *Alleyne*, must be determined beyond a reasonable doubt by the chosen fact-finder. *See Butler, supra*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/2017</u>