J-S13010-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARNELL HOWELL | : | |
| | : | |
| Appellant | : | No. 599 WDA 2017 |

Appeal from the PCRA Order April 4, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No(s):  CP-63-CR-0001307-2015

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    FILED JUNE 13, 2018

Appellant, Darnell Howell, appeals from the order entered in the Washington County Court of Common Pleas, which denied his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> DID THE PCRA COURT ERR IN, AFTER SCHEDULING AN EVIDENTIARY HEARING, DISMISSING WITHOUT A HEARING [APPELLANT]'S CLAIM THAT TRIAL COUNSEL WAS PER SE INEFFECTIVE IN ABANDONING HIS CLIENT AND FAILING TO APPEAR?

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

> WHETHER THE PCRA COURT ERRED IN, AFTER SCHEDULING AN EVIDENTIARY HEARING, DENYING WITHOUT A HEARING [APPELLANT]'S CLAIM THAT HIS CONSTITUTIONAL RIGHT TO AN ATTORNEY AND HIS DUE PROCESS RIGHTS WERE VIOLATED WHERE COUNSEL ABANDONED HIM AND THE WAIVER OF COUNSEL COLLOQUY WAS INADEQUATE?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. Commonwealth v. Ford, 947 A.2d 1251 (Pa.Super. 2008), appeal denied, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. Commonwealth v. Hardcastle, 549 Pa. 450, 701 A.2d 541 (1997).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable John F. DiSalle, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (See PCRA Court Opinion, filed October 25, 2017 at 1-13) (finding : (1-2) record demonstrates Appellant unequivocally waived his right to have attorney

- 2 -

present at guilty plea; Appellant read, completed, and signed guilty plea colloquy form and waiver of counsel form; court conducted on record lengthy waiver of counsel colloquy and guilty plea colloquy; concerning trial counsel's alleged per se ineffectiveness for failing to appear at guilty plea hearing, Appellant elected to proceed without counsel after court afforded Appellant opportunity to continue case; Appellant negotiated a more favorable plea agreement with the Commonwealth than originally offered through counsel; record demonstrates Appellant suffered no prejudice; further, Appellant cannot demonstrate he entered guilty plea involuntarily; through written and oral colloquies, record establishes Appellant understood his rights, was taking responsibility for his actions, and knowingly waived his right to counsel so he could enter plea). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2018

- 3 -