J-A13043-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| HAROLD FRANKLIN FORD, | : | |
| | : | |
| Appellant | : | No. 110 EDA 2019 |

Appeal from the PCRA Order Entered December 5, 2018
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003457-2002

BEFORE:    SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 1, 2019**

Harold Franklin Ford (Appellant) appeals *pro se* from the December 5, 2018 order dismissing his petition to strike judgment as an untimely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On December 18, 2002, a jury convicted [Appellant] of robbery and conspiracy based upon his participation in a June 2002 robbery at a hotel in Chester County. On June 30, 2003, the trial court sentenced [Appellant] to a mandatory minimum term of 25 to 50 years' imprisonment, pursuant to [subsection] 9714(a)(2), for his robbery conviction, concluding the conviction was [Appellant's] "third strike" under the law. [Appellant's] judgment of sentence was affirmed by this Court on direct appeal, and the Supreme Court subsequently denied his petition for review on April 19, 2005. ***See Commonwealth v. Ford***, 859 A.2d 829 [] (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 872 A.2d 1198 (Pa. 2005). On May 2, 2005, Ford filed a timely, *pro se* PCRA petition. Counsel was appointed and filed an amended petition, which the PCRA court ultimately dismissed on May 29, 2007. This Court affirmed the PCRA court's order on appeal, and, once again, the Supreme Court denied [Appellant's] petition for review. ***See***

_____
*Retired Senior Judge assigned to the Superior Court.

> **Commonwealth v. Ford**, 947 A.2d 1251 (Pa. Super. 2008), *appeal denied*, 959 A.2d 319 (Pa. 2008).
>
> Thereafter, [Appellant] filed multiple *pro se* petitions seeking PCRA relief, none of which [was] successful.

**Commonwealth v. Ford**, 192 A.3d 248 (Pa. Super. 2018) (unpublished memorandum at *1).

Most recently, Appellant filed the petition at issue herein on October 25, 2018. Although styled as a petition to strike judgment, the PCRA court treated the October 25, 2018 filing as Appellant's sixth PCRA petition.[1] On November 7, 2018, the PCRA court filed a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the petition was dismissed on December 5, 2018.

On December 17, 2018, Appellant timely filed a notice of appeal.[2,3] On appeal, Appellant challenges the legality of his sentence. Appellant's Brief at

---

[1] Because Appellant's claims implicate the legality of his sentence, his issues were cognizable under the PCRA and therefore, the PCRA court properly considered Appellant's filing as a PCRA petition. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA.").

[2] Appellant's notice of appeal lists the "November 7, 2018 order of dismissal[,]" as the order from which he appeals. **See** *Pro Se* Notice of Appeal, 12/17/2018 (emphasis and unnecessary capitalization omitted). However, as noted *supra*, the November order was merely a notice of the PCRA court's **intent** to dismiss Appellant's petition, and thus was a non-final, non-appealable order. On this basis, the PCRA court urges this Court to quash Appellant's appeal. **See** PCRA Court Opinion, 1/10/2019, at 1 n.1 ("I respectfully suggest that this appeal is taken from a non-final, non-
*(Footnote Continued Next Page)*

- 2 -

J-A13043-19

5 (unnumbered). Specifically, Appellant avers he is entitled to relief because the trial court improperly sentenced Appellant as a "third-strike" offender when (1) he was never sentenced as a second-strike offender, and (2) his prior convictions did not meet the statutory requirements to qualify as first or second strikes. *Id.* We begin our review mindful of the following.

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of three statutory exceptions under 42 Pa.C.S. § 9545(b)(1) applies. 42 Pa.C.S. § 9545(b)[4]; ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor

*(Footnote Continued)* ───────────────────

appealable order."). Notably, Appellant's notice of appeal was filed after the actual order of dismissal was filed.

Considering Appellant's reference to the November 7th order as the "order of dismissal," it appears Appellant mistakenly listed the November order instead of the PCRA court's December 5, 2018 order which did dismiss Appellant's petition. Regardless, this apparent error is of no consequence, as Appellant's timely-filed notice of appeal invoked this Court's jurisdiction. ***See Commonwealth v. Williams***, 106 A.3d 583 (Pa. 2014) (holding that a timely notice of appeal, irrespective if it is otherwise defective, triggers the jurisdiction of the appellate court).

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

[4] There are also time restrictions on when a petitioner must file a petition after a time-bar-exception claim has arisen. ***See*** 42 Pa.C.S. § 9545(b)(2). On October 24, 2018, the General Assembly amended subsection 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018.

the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Id.* (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)). Moreover, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, our Supreme Court denied Appellant's petition for allowance of appeal on April 19, 2005. Thus, Appellant's October 25, 2018 petition is facially untimely.

Nevertheless, we may consider an untimely-filed PCRA petition if Appellant pleaded and proved one of the three exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i-iii). In his brief on appeal, Appellant asserts the governmental-interference and newly-discovered evidence exceptions found at 42 Pa.C.S. § 9545(b)(1)(i) (providing an exception where "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or

laws of this Commonwealth or the Constitution or laws of the United States" and 42 Pa.C.S. § 9545(b)(1)(ii) (providing an exception where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Appellant's Brief at 8. In support of the latter exception, Appellant cites *Commonwealth v. Armstrong*, 74 A.3d 228 (Pa. Super. 2014) and *Commonwealth v. Armstrong*, 107 A.3d 735 (Pa. 2014). Appellant's Brief at 8.

Initially, we note that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

> "It is Appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors. If an appellant does not do so, we may find the argument waived."

*Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009). Here, the argument section of Appellant's brief is underdeveloped and incoherent at times. Likewise, this section is difficult to follow due to Appellant's failure to divide his argument section "into as many parts as there are questions to be

- 5 -

argued." Pa.R.A.P. 2119. In light of the foregoing, we find Appellant's issues waived.

Regardless, even if Appellant did not waive his issues on appeal, he would still not be entitled to relief. Notably, this Court has previously determined that Appellant's reliance on **Armstrong** did not constitute a newly discovered fact. **Ford**, 947 A.2d at 1255.

> Although [Appellant] does not explicitly invoke any of the time for filing exceptions, he does imply that he is entitled to relief based upon the Pennsylvania Supreme Court's decision in [**Armstrong**, 107 A.3d at 735]. In that case, the Supreme Court affirmed, without further opinion, the decision of this Court, which held that a defendant cannot be sentenced under the third strike provision of Section 9714, when his second strike offense was committed before he was convicted and sentenced as a first strike offender, and, therefore, the defendant had no opportunity to reform. **See** [**Armstrong**, 74 A.3d[ at 241–242]
>
> We conclude the **Armstrong** decision does not provide [Appellant] with relief. First, it is well-settled that judicial decisions do not equate to "newly discovered facts" pursuant to the exception set forth in [subs]ection 9545(b)(1)(ii). … [E]ven if **Armstrong** did provide [Appellant] with a basis for relief, his present petition was not filed within 60 days of the Supreme Court's decision as required by [subs]ection 9545(b)(2). **See** 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."). Therefore, [Appellant] has failed to invoke a timing exception based on **Armstrong**.

**Ford**, 192 A.3d 248 (unpublished memorandum at *2).

Additionally, with respect to Appellant's government interference claim, related to his previous counsel's alleged ineffectiveness, it is well settled that claims related to defense counsel "do not qualify [as

governmental interference] due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not include defense counsel." ***Commonwealth v. Pursell***, 749 A.2d 911, 916 (Pa. 2000). ***See also*** 42 Pa.C.S. § 9545(b)(4) ("For purposes of this subchapter, 'government officials' shall not include defense counsel, whether appointed or retained."). Thus, Appellant has failed to plead and prove that either exception applies.

Moreover, this Court previously concluded that, irrespective of Appellant's failure to meet a timeliness exception, Appellant's legality claims are meritless. ***See Ford***, 947 A.2d at 1255; ***Ford***, 192 A.3d at *3.

> [Appellant] raised a virtually identical claim in the appeal from the denial of his first PCRA petition. Specifically, he argued "because he was never sentenced as a second strike offender pursuant to section 9714, he cannot be sentenced as a third strike offender." ***Ford***, ***supra***, 947 A.2d at 1254. A panel of this Court rejected this claim as follows:
>
> > [T]he Commonwealth's Sentencing Memorandum filed on June 17, 2003, in support of its Notice of Intent to Invoke Mandatory Minimum Sentencing Provisions, provides clear proof that [Appellant's] prior convictions satisfy the mandates of both [***Commonwealth v.***] ***Shiffler***[, 879 A.2d 185 (Pa. 2005),] and section 9714. Specifically, our review of the Commonwealth's sentencing memorandum reveals the following:
> >
> > > 1. On September 20, 1974, in case nos. 148–73 and 186–73, [Appellant] pled guilty to, *inter alia*, the charge of robbery while armed and robbery, respectively, and was sentenced to two concurrent terms of four to eight years imprisonment.

- 7 -

> 2. On September 11, 1979, in case no. 1199–78, [Appellant] was sentenced to 24 months to 59 months imprisonment following his conviction of, *inter alia*, robbery.
>
> 3. On December 20, 1991, in case no. 2883–88, [Appellant] was sentenced to four to ten years imprisonment following his conviction of robbery.
>
> Commonwealth's Sentencing Memorandum, 06/17/03, Exhibits A, B, C, D.
>
> Clearly, the record contradicts [Appellant's] assertion that the requirements for a third strike offender were not established. Specifically, the record reflects that [Appellant] was sentenced for crimes of violence on three occasions prior to the instant offense, and given intervening opportunities to reform, of which he clearly failed to take advantage. As noted by the learned trial judge, [Appellant's] current robbery conviction actually represents his fourth strike. Accordingly, we find no error in the trial court's imposition of the mandatory minimum sentence pursuant to [sub]section 9714(a)(2).

*Ford*, *supra*, 947 A.2d at 1255.

*Ford*, 192 A.3d 248 (unpublished memorandum at *3). (some citations and unnecessary capitalization omitted). Thus, this Court has already reviewed and addressed Appellant's issues concerning his status as a third-strike offender, as well as Appellant's prior convictions to support the imposition of a mandatory minimum sentence and determined that these claims were without merit. It is well-settled that previously litigated claims are not

cognizable under the PCRA. **See Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011).

Based upon the foregoing, we conclude Appellant's petition was untimely filed, he did not satisfy an exception to the timeliness requirements, and his legality claims were previously litigated. Thus, the PCRA court lacked jurisdiction to review his petition, and he is not entitled to relief.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/1/19

---

[5] Lastly, we note that Appellant attempts to raise ineffective-assistance-of-counsel claims for the first time on appeal. Appellant's Brief at 7-8. Without addressing whether these claims meet a timeliness exception, because these issues were not raised in Appellant's *pro se* petition before the PCRA court, they are waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").