J-S52033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHANNON MILLER | : | |
| | : | |
| Appellant | : | No. 2085 MDA 2016 |

Appeal from the PCRA Order December 2, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0002131-2015

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED SEPTEMBER 08, 2017**

Appellant, Shannon Miller, appeals from the order entered in the Lebanon County Court of Common Pleas, which denied her first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We add only that Appellant timely filed a notice of appeal on December 20, 2016.  On December 21, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on December 29, 2016.

Appellant raises the following issues for our review:

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

WHETHER PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO INTERVIEW EARL MILLER?

WHETHER PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO SEEK AN INTERVIEW WITH APPELLANT'S CO-DEFENDANT, ANDREW HOUCK?

WHETHER PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO COMMUNICATE WITH APPELLANT REGARDING DISCOVERY?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Credibility determinations are within the province of the PCRA court when a hearing is held on the matter. *Commonwealth v. Rathfon*, 899 A.2d 365 (Pa.Super. 2006). If the record supports a PCRA court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Bradford H. Charles, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions

- 2 -

presented. (**See** PCRA Court 1925(a) Opinion, filed February 17, 2017, at 6-10; Opinion In Support of Order Denying PCRA Petition, filed December 5, 2016, at 2-6) (finding: plea counsel met with Appellant on eight occasions; Appellant instructed counsel to proceed with plan designed to result in plea agreement; DA was unwilling to offer plea agreement of less than six to fifteen years' imprisonment; counsel informed Appellant of potential for better plea deal if Appellant agreed to testify against her co-defendant, but Appellant refused; Appellant also declined to tell counsel where she had purchased heroin that caused victim's death, information that plea counsel might have been able to use to negotiate better deal; Appellant's guilty plea was knowing, intelligent, and voluntary; Appellant failed to present evidence at PCRA hearing that interviews with Earl Miller or Andrew Houck would have assisted Appellant; Appellant repeatedly advised plea counsel that she purchased drugs which led to victim's death and intended to plead guilty and not proceed to trial, so counsel was not ineffective for failing to interview Mr. Miller or Mr. Houck; Appellant voluntarily accepted plea deal and signed written guilty plea colloquy; plea counsel hand-delivered entire discovery packet to Appellant in prison and reviewed contents of discovery packet with Appellant; PCRA Court found plea counsel's testimony credible). Accordingly, we affirm on the basis of the PCRA court's opinions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/8/2017</u>

Circulated 08/29/2017 02:23 PM
SCANNED IMAGE

ORIGINALED & FILED
CLERK OF COURTS
LEBANON, PA

/017 FEB 17 PM 3 38

# IN THE COURT OF COMMON PLEAS LEBANON COUNTY PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

    **:  NO. CP-38-CR-2131-2015**

    :

v.

    :

SHANNON MILLER

    :

## ORDER OF COURT

And now, this 17th day of February, 2017, we set forth the attached Opinion pursuant to Pa.R.A.P. 1925 in order to assist the Pennsylvania Superior Court in ruling upon Defendant's arguments. The Court directs that the Lebanon County Clerk of Courts forward this Opinion and the entire file to the Pennsylvania Superior Court as promptly as possible.

BY THE COURT:

*BANCU* J.
BRADFORD H. CHARLES

cc: District Attorney's Office *Int*
Melissa Montgomery, Esq. // 616 Paxton Place, Suite 101 Litiz, PA 17543. *–Mailed*
Shannon Miller // Lebanon County Prison (certified mail). *Mailed*
7015 1660 0000 1315 5501

PURSUANT TO Pa.R.Crim. P. 114
All parties are hereby notified
this date:___2-17-17___.
Clerk of Courts, Lebanon, PA

ENTERED & FILED
CLERK OF COURTS
LEBANON, PA

2017 FEB 17 PM 3 38

# IN THE COURT OF COMMON PLEAS LEBANON COUNTY PENNSYLVANIA

## CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : NO. CP-38-CR-2131-2015 |
| | : |
| v. | : |
| | : |
| SHANNON MILLER | : |

## APPEARANCES

Nichole Eisenhart, Esquire     For Commonwealth of Pennsylvania
DISTRICT ATTORNEY'S OFFICE

Melissa Montgomery, Esq.     For Defendant

## OPINION BY CHARLES, J., February 17, 2017

On July 27, 2016, we sentenced Shannon Miller (hereafter "DEFENDANT") for numerous crimes, including delivery of drugs that caused another person's death. Despite the fact that DEFENDANT repeatedly admitted her culpability, despite the fact that we ultimately adopted her plea agreement as part of our sentence, and despite the fact that she proclaimed during the guilty plea process that she was satisfied with her attorney, we have now been presented with a Post-Conviction Relief Act (PCRA) Petition that blames her current incarceration on a supposedly ineffective lawyer. Via a Court Order that we entered on December 2, 2016, following a hearing, we rejected all of the

2

DEFENDANT's arguments as meritless. She has now appealed. We file this Opinion in support of our decision to deny the DEFENDANT's PCRA Petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Between May 26, 2015 and May 27, 2015, DEFENDANT delivered heroin to Michael Young, Jr. at 140 South Fifth Avenue in South Lebanon Township. This heroin was ingested by Mr. Young, and he lost consciousness almost immediately. DEFENDANT chose not to obtain prompt medical attention for the DEFENDANT and he died as a result of the bad batch of heroin he ingested. Thereafter, the DEFENDANT orchestrated a cover-up narrative to hide her involvement.

DEFENDANT was charged with seven different crimes[1]. On May 17, 2016, DEFENDANT appeared before President Judge John C. Tylwalk and entered a plea of guilty to each crime. In addition to the Court's verbal guilty plea colloquy, the DEFENDANT completed written plea colloquies as well. In writing and verbally, the DEFENDANT acknowledged the voluntariness of her plea and her satisfaction with the representation provided by her counsel. Both verbal and written guilty pleas clearly spelled out DEFENDANT's plea agreement that called for a sentence of 6 to 15 years

---

[1] Count 1: Drug Delivery Resulting in Death; Count 2: Criminal Conspiracy to Commit Drug Delivery Resulting in Death; Count 3: Violation of the Drug, Device, and Cosmetic Drug Act; Count 4: Criminal Conspiracy to Commit a Violation of the Drug Act; Count 5: Tampering With or Fabricating Physical Evidence; Count 6: Criminal Conspiracy to Tamper With or Fabricate Physical Evidence; Count 7: False Reports to Law Enforcement Authorities.

3

in prison. We accepted that plea agreement when we sentenced the DEFENDANT on July 27, 2016.

On July 28, 2016, DEFENDANT filed her PCRA Petition. On August 18, 2016, DEFENDANT filed an Amended PCRA Petition, alleging ineffective assistance of counsel with respect to her guilty plea. She sought a new trial. A factual hearing was conducted regarding the DEFENDANT's PCRA Petition on December 2, 2016, after which DEFENDANT's PCRA Petition was denied. Our review of the record reveals that DEFENDANT consistently advised her guilty plea counsel that she had delivered the drugs which led to the victim's death, she intended to plead guilty, and she did not wish to proceed to trial.

## II.   DISCUSSION

The PCRA provides for an action by which innocent persons convicted of crimes that they did not commit and persons serving illegal sentences can obtain relief. 42 Pa.C.S. § 9542. The PCRA is the exclusive method by which collateral relief may be obtained in Pennsylvania. *Commonwealth v. Chester*, 733 A.2d 1242, 1250 (Pa. 1999). To be eligible for relief under the PCRA, a defendant must prove the following elements by a preponderance of the evidence:  (1) He must prove that he has been convicted of a crime under the laws of this Commonwealth and that he is serving a sentence of imprisonment, probation or parole for a crime; (2) he must prove that the conviction resulted from one of the enumerated errors listed in § 9543(a)(2); and (3) he must prove that the

4

allegation of error has not been previously litigated or waived. Finally, he must prove that the failure to litigate the issue prior to or during trial could not have been the result of any rational, strategic or tactical decision by counsel. 42 Pa.C.S. § 9543(a).

Trial counsel, or in this case, guilty plea counsel, will always be presumed effective, and the Defendant bears the burden of proving otherwise. *Commonwealth v. Lewis*, 708 A.2d 497, 500 (Pa.Super. 1988) (citing *Commonwealth v. Williams*, 570 A.2d 75, 81 (Pa. 1990)). In determining whether counsel rendered ineffective assistance, the court must first determine whether the issue underlying the claim of ineffectiveness is of arguable merit. *Commonwealth v. DiNicola*, 751 A.2d 197, 198 (Pa.Super. 2000). If the claim is without arguable merit, the Court's inquiry ends, because counsel cannot be deemed ineffective for failing to pursue a meritless issue. *Id.*

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa.Super.2003). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). The law does not require that the DEFENDANT be pleased with the outcome of her decision to enter a plea of guilty; instead, all that is required is that

5

her decision to plead guilty be knowingly, voluntarily, and intelligently made. See e.g., *Commonwealth v. Willis*, 68 A.3d 997, 1001-02 (Pa. Super. 2013); *Commonwealth v. Anderson*, 995 A.2d at 1192 (Pa. Super. 2010). A guilty plea will be deemed voluntary when it affirmatively demonstrates that the defendant understood what the plea connoted and its consequences. *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998).

In this case, the DEFENDANT plead guilty on May 17, 2016. During her Guilty Plea Hearing, the following exchange occurred between the Court and the DEFENDANT.

The Court stated:

Q: Each of you should understand I'm neither accepting nor rejecting your plea agreement at this time. That decision will be made by your sentencing Judge. You should also understand if you receive a sentence which does not involve incarceration, it is either on probation or Intermediate Punishment, and you violate the rules of supervision, you could be brought back into court, taken off supervision, and sentenced to jail for your violation.

Each of you are represented by an attorney. Have you discussed your case fully with your attorney and explained everything you know about your case or cases to your attorney?

Miss Miller?

A: Yes.

Q: Has your attorney discussed with you what the Commonwealth would have to prove if you went to trial; what the elements of the charges are; the facts needed to prove the elements; and any defenses that you might have to the charges against you?

Miss Miller?

A: Yes.

6

Q: Do you have complaints at all about the way your attorney has represented you to this point?

Miss Miller?

A: No.

Q: Knowing everything that we discussed here this morning, and considering all of the information provided to you in the written form, do you still wish to enter a plea of guilty to the charges as set forth against you or as modified by any plea agreement you have in your case?

Miss Miller?

A: Yes.

THE COURT: In each case I find your decision to enter your plea has been freely, knowingly, and voluntarily made; and that each of you has had the advice of a competent attorney with whom you say you are satisfied.

I accept your pleas and direct that you enter it in writing on the reverse of the information. I will order a presentence report to be prepared prior to sentencing.

Miss Miller your sentencing is July 20th.

(WHEREUPON, the proceeding concluded.)

(N.T. 05/17/2016, guilty plea hearing, at 6-8)

The guilty plea hearing transcript demonstrates that Judge Tylwalk advised the DEFENDANT of the total maximum penalties that she faced, the nature of the charges lodged against her, and the terms of her plea agreement. The DEFENDANT acknowledged under oath that she understood all of the above and that she was satisfied with the representation of her lawyer. (N.T. 05/17/2016, guilty plea hearing, at 6).

7

The testimony proffered at the December 2, 2016 PCRA hearing clearly supports that the DEFENDANT's plea of guilty was knowingly, voluntarily, and intelligently made. Her current claim challenging the voluntariness of the plea is without merit.

DEFENDANT now claims that counsel was ineffective for failing to interview Earl Miller. No information was presented during DEFENDANT's PCRA hearing that any additional interview of Earl Miller would have assisted the DEFENDANT. Specifically, the relevant discussion at the PCRA Hearing involved the following:

> THE COURT: For the record, why didn't you interview Mr. Miller?
>
> [GUILTY PLEA COUNSEL]: Given the direction that [the DEFENDANT] wanted to go, that being not take the case to trial, I didn't believe that would bear any fruit that would be beneficial to lowering the plea that was at the bottom end of the standard range.
>
> THE COURT: What about interviewing the co-defendant?
>
> [GUILTY PLEA COUNSEL]: Again, my response would be the same, Your Honor. Given the position that my client took, that being not wanting to take the case to trial, I didn't believe that discussion would lead me down a path that would help me renegotiate the plea.
>
> THE COURT: Could you have ethically approached the co-defendant to speak with him by yourself?
>
> [GUILTY PLEA COUNSEL]: I could not, no.
>
> THE COURT: Why is that?
>
> [GUILTY PLEA COUNSEL]: Because he was represented by counsel and is a co-defendant in a case that my client was involved in.

(N.T. 12/2/2016, PCRA hearing, at 52-54).

8

The Pennsylvania Supreme Court has noted the reasonableness of a particular investigation, or lack of investigation, depends upon the evidence known to counsel. See e.g., *Commonwealth v. Hughes*, 865 A.2d 761 (Pa. 2004); *Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013). The DEFENDANT repeatedly told counsel that she was guilty of the crimes charged; therefore, we deemed that counsel's decision to rely on what the DEFENDANT told him and on the extensive discovery materials, rather than conduct additional interviews with Earl Miller, was reasonable under the circumstances. Based on the lack of evidence to support how any additional interview of Earl Miller could have been helpful to DEFENDANT, we deem this ineffectiveness of counsel argument meritless.

DEFENDANT also argues that plea counsel was ineffective for failing to seek an interview with the DEFENDANT's co-defendant, Andrew Houck. The South Lebanon Township Police Report states that, "Andrew Houck indicated that he was instructed by Shannon Miller to "stick to the story" when speaking with police. He clarified this 'story' that Shannon Miller wished to purport was that Michael Young was not inside of the residence while they were present." (South Lebanon Township Police Report, pg. 6). As illustrated in the previous section, guilty plea counsel did not believe that additional discussion with Mr. Houck would have assisted the DEFENDANT. The DEFENDANT failed to demonstrate how Mr. Houck could have helped her case, and plea counsel cannot be deemed ineffective for

9

utilizing the reports involving Mr. Houck to determine an interview would not benefit his client.

DEFENDANT's final argument is that her guilty plea counsel was ineffective because he failed to review the discovery packet with her. However, evidence at the PCRA hearing demonstrates otherwise. The discovery packet was hand-delivered to the prison on January 27, 2016. (N.T. PCRA Hearing, 12/2/2016, pg. 32). Counsel then met with DEFENDANT at the jail on February 11, 2016 to review those delivered discovery materials. **Id.** Guilty plea counsel testified that his February 11, 2017 meeting notes indicate that he went through the entire discovery packet with DEFENDANT. **Id.** Therefore, counsel cannot be deemed ineffective for not completing an action, which he actually did effectuate.

## III. CONCLUSION

For all of the above reasons, we conclude that DEFENDANT's open plea of guilty to the crimes charged were knowingly, voluntarily, and intelligently proffered. We find that DEFENDANT had the advice of competent counsel, who provided effective representation. Guilty plea counsel was not ineffective for failing to seek additional interviews with Mr. Miller or Mr. Houck, given that guilty plea counsel was consistently advised by his client that she had purchased the heroin which led to the victim's death, she intended to plead guilty, and she did not wish to proceed to trial. Accordingly, we conclude that DEFENDANT's Appeal is without merit and her conviction and sentence should be upheld.

10

SCANNED X
IMAGE

ORIGINAL         2016 DEC 5 PM 3 41

# IN THE COURT OF COMMON PLEAS OF LEBANON COUNTY

## PENNSYLVANIA

### **CRIMINAL**

COMMONWEALTH OF PENNSYLVANIA : NO. CP-38-CR-2131-2015

VS                                     :

SHANNON MILLER                         :

## **ORDER OF COURT**

AND NOW, this 2nd day of December, 2016, after hearing and in consideration of the testimony adduced, the Court notes as follows:

A.    The Defendant has filed a Post-Conviction Relief Act (PCRA) Petition. Although the Defendant testified that she filed this Petition "to receive reduced time," her counsel has articulated that the purpose of the motion is to vacate her plea of guilty and seek a new trial.

B.    Prior to the hearing, Defendant's counsel articulated the following grounds upon which the Defendant seeks relief:

(1)    That counsel was ineffective for failing to interview Earl Miller;



(2) That counsel was ineffective for failing to seek an interview with the Defendant's co-defendant, Andrew Houck; and

(3) That counsel was ineffective for failing to communicate with the Defendant regarding discovery.

C. A review of the record submitted in this case reveals the following:

(1) Following the death of the victim in the above-referenced case, the Defendant was interviewed by police. On multiple occasions, the Defendant told police that she purchased the drugs that eventually were ingested by the victim and caused his death.

(2) At the PCRA Hearing, the Defendant herself acknowledged that she told others that she had purchased the heroin that was ingested by the victim and caused his death.

(3) On multiple occasions, the Defendant told her guilty plea counsel that she was the one who purchased the drugs that were ingested by the victim and caused his death.

(4) On one occasion, the Defendant advised her guilty plea counsel that she "shared" her heroin with the

victim and he lost consciousness five to ten minutes after ingesting it.

D.    At all times pertinent to her plea of guilty and sentencing, the Defendant was represented by Attorney R. Scot Feeman.   Attorney Feeman met with the Defendant on eight separate times.   Never did the Defendant advise Attorney Feeman that she wanted to proceed to a trial.   To the contrary, the Defendant always instructed Attorney Feeman to proceed with a plan designed to result in a plea of guilty pursuant to a plea agreement.

E.    The sentencing range applicable to Count 1 lodged against the Defendant was:  72 months – 90 months.

F.    The Commonwealth offered the Defendant a plea of guilty at the bottom of that standard range.  The plea agreement called for the Defendant to serve 6 years to 15 years in a state correctional facility.

G.    The Defendant asked defense counsel to renegotiate the plea agreement.  Defense counsel attempted to do so, but he stated: "The DA would not budge."  At no time was the District Attorney willing to accept any plea agreement of less than the one offered.

H.    The defense attorney stated that it may have been possible to negotiate a lesser plea if the Defendant would have been willing to testify against her co-conspirator, Andrew Houck.

However, the Defendant refused to provide information or testify against Mr. Houck. Moreover, the defense attorney asked the Defendant where she had purchased the heroin that ended up causing the victim's death; defense counsel wanted this information to hopefully leverage additional plea negotiations. The Defendant refused to advise her attorney where she had purchased the heroin and the defense attorney could not use that information either to negotiate a lower plea deal.

I.     When defense counsel advised the Defendant that the "final" plea agreement offered by the Commonwealth would be 6 to 15 years, the Defendant voluntarily made the choice to accept that plea agreement and enter a plea of guilty.

J.     On July 20, 2016, the Defendant appeared before President Judge John C. Tylwalk and entered a plea of guilty to the charges lodged against her. The Defendant submitted a written guilty plea form via which she acknowledged the voluntariness of her plea and by which she also confirmed that she was satisfied with the representation provided by her counsel. The written guilty plea form clearly spelled out the plea agreement that called for a sentence of 6 to 15 years in prison.

K.     A transcript of the guilty plea was prepared. That transcript reveals that Judge Tylwalk advised the Defendant of the total maximum penalties that she faced, the nature of the charges

lodged against her, and the terms of her plea agreement. The Defendant acknowledged under oath that she understood all of the above. In addition, the Defendant advised Judge Tylwalk that she was satisfied with the representation of her lawyer. She also acknowledged under oath that she was pleading guilty because she actually committed each of the offenses charged. (N.T. 4).

L. Based upon all of the evidence presented at the PCRA hearing conducted today's date, we conclude beyond any doubt that the Defendant's plea of guilty was intelligently and voluntarily rendered.

M. The Defendant argued at the PCRA hearing that her counsel should have interviewed Earl Miller and Andrew Houck. No information was presented today that the testimony of either gentlemen would have assisted the Defendant.[1] Given that the Defendant's guilty plea attorney was consistently advised by his client that she had purchased the drugs that led to the victim's death and that she intended to plead guilty and not proceed to trial, counsel was not ineffective for failing to seek interviews with Mr. Miller or Mr. Houck.

---

[1] In fact, the Commonwealth alleges that Earl Miller refused to testify at a trial involving Andrew Houck and that Andrew Houck attempted to blame the Defendant for the charges lodged against him. Regardless of whether the Commonwealth's assertions were correct or not, no evidence was presented at today's hearing that reveals that interviews of Earl Miller or Andrew Houck would have been either possible or helpful.

N. Although the Defendant now asserts that Attorney Feeman failed to review the discovery packet with her, evidence at the PCRA hearing revealed that Attorney Feeman hand-delivered the entire discovery packet to the Defendant in prison and that he went over the contents of the discovery package with the Defendant.

O. To the extent necessary, we find Attorney Feeman's testimony to be far more credible than that of the Defendant.

P. We reject the Defendant's position that Attorney Feeman provided ineffective assistance of counsel. We also reject defense counsel's argument that the Defendant's plea was anything other than intelligent and voluntary. For these reasons, the Defendant's PCRA Petition will be denied.

ACCORDINGLY, the Order of this Court is as follows:

1. The Defendant's PCRA Petition is DENIED.

2. The Defendant is advised that she has 30 days from today's date in which to proffer an appeal to the Pennsylvania Superior Court.

3. A copy of this Order is to be provided to the District Attorney's Office, to the Defendant's counsel and to the Defendant by certified mail, return receipt requested.

BY THE COURT:

_____ J.

BRADFORD H. CHARLES

BHC/slh

cc: District Attorney's Office *Int*
Melissa Montgomery, Esquire// 616 Paxton Place, Ste 101
Lititz, PA 17543 *-mailed*
Shannon Miller// Lebanon County Prison (certified mail, return
receipt requested). #7190013697000644963

PURSUANT TO Pa.R Crim. P. 114
All parties are hereby notified
this date: 12-5-16
Clerk of Courts, Lebanon, PA