J-S53044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARLOS CRUZ | : | |
| | : | |
| Appellant | : | No. 1745 EDA 2017 |

Appeal from the PCRA Order May 5, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1204731-1994

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:              **FILED OCTOBER 29, 2018**

Appellant, Carlos Cruz, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 21, 1995, a jury convicted Appellant of second-degree murder, robbery, conspiracy, and related offenses.  The court sentenced Appellant on March 11, 1996, to life imprisonment for the murder conviction and imposed several consecutive terms of imprisonment for the other crimes.  Appellant did not file a direct appeal.

On June 17, 1996, Appellant timely filed his first PCRA petition *pro se*.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*   Retired Senior Judge assigned to the Superior Court.

The court appointed counsel, who filed an amended PCRA petition, which the court denied on January 7, 1999. This Court affirmed the denial of PCRA relief on July 5, 2000, and our Supreme Court denied allowance of appeal on January 30, 2001. *See Commonwealth v. Cruz*, 761 A.2d 1231 (Pa.Super. 2000), *appeal denied*, 565 Pa. 637, 771 A.2d 1278 (2001).

Appellant filed his current, second *pro se* PCRA petition on September 4, 2012, alleging the "newly-discovered facts" exception to the PCRA time-bar and a substantive claim of after-discovered evidence. Appellant based his claims on three affidavits: (1) Juan Agosto's affidavit, dated January 9, 2006, stating Appellant was not the shooter; (2) David Flores' affidavit, dated July 10, 2012, stating Appellant was not the shooter; and (3) Appellant's affidavit, dated August 28, 2012, denying participation in the murder.[2] The court appointed counsel, who filed an amended PCRA petition on December 3, 2013. On March 3, 2014, Appellant filed a *pro se* supplemental PCRA petition,[3] attaching an affidavit from Jay Diaz, dated February 26, 2014, in which Mr. Diaz states he was present on the night of the murder, and Appellant did not

---

[2] In this affidavit, Appellant also admitted he knew Mr. Flores was in close proximity to the murder scene.

[3] The court should have forwarded this document to counsel pursuant to Pa.R.Crim.P. 576(A)(4) (stating in any case in which defendant is represented by attorney, if defendant submits written document that has not been signed by defendant's attorney, clerk of courts shall accept it for filing and forward copy of time-stamped document to defendant's attorney and attorney for Commonwealth within 10 days of receipt).

commit the shooting. Appellant insisted he became aware of Mr. Diaz's "new evidence" on January 26, 2014, when they were imprisoned together.

On February 27, 2015, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on March 17, 2015.[4] On March 27, 2015, the court denied Appellant's petition as untimely.

Appellant timely appealed and, on November 3, 2016, this Court reversed the order denying PCRA relief and remanded for an evidentiary hearing. *See Commonwealth v. Cruz*, 159 A.3d 576 (Pa.Super. 2016). Specifically, this Court acknowledged that Appellant's current PCRA petition was facially untimely and agreed with the PCRA court's conclusions that the affidavits of Mr. Agosto, Mr. Flores, and Appellant either failed to satisfy the "60-day rule" or to present facts which could not have been discovered sooner with the exercise of due diligence. With respect to Mr. Diaz's affidavit, however, this Court decided Appellant satisfied the "newly-discovered facts" time-bar exception and remanded for an evidentiary hearing on the substantive underlying after-discovered-evidence claim.[5] *See id.*

---

[4] The court also should have forwarded this document to counsel per Rule 576(A)(4).

[5] This Court recognized that Appellant's *pro se* supplemental PCRA petition presenting Mr. Diaz's affidavit technically violated the rule against hybrid representation. Nevertheless, this Court declined to deem that filing a legal nullity, where the clerk of courts had failed to forward it to counsel and the PCRA court considered it in denying PCRA relief.

- 3 -

The PCRA court held a remand hearing on May 5, 2017. Mr. Diaz testified, *inter alia*, that he did not write the affidavit attached to Appellant's *pro se* supplemental PCRA petition. Nevertheless, Mr. Diaz confirmed he was near the crime scene on the night of the murder and did not believe Appellant was the shooter because Mr. Diaz saw Appellant that night but Appellant was too far away from where the shooting took place. Mr. Diaz made clear he could not be certain whether Appellant was the shooter but speculated the shooter must have been someone other than Appellant because Mr. Diaz heard shots fired when he saw Appellant a "nice, little distance away." (**See** N.T. PCRA Hearing, 5/5/17, at 5-28).

Appellant testified at the remand hearing, *inter alia*, that he sat with Mr. Diaz when Mr. Diaz wrote the affidavit attached to Appellant's supplemental *pro se* PCRA petition; and Appellant was unsure why Mr. Diaz would deny writing it. Appellant said Mr. Diaz first approached Appellant in SCI-Graterford about two or three weeks before authoring the affidavit and told Appellant he was present at the crime scene the night of the murder and knew Appellant was not the shooter. Appellant contended he did not know Mr. Diaz was present at the crime scene until Mr. Diaz approached Appellant in prison. Appellant maintained his innocence for the crimes charged. (**See id.** at 28-36).

At the conclusion of the hearing, the court denied PCRA relief. Appellant timely filed a notice of appeal on June 2, 2017. The court subsequently

ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises one issue for our review:

> DID THE HONORABLE PCRA COURT ERR WHEN IT DENIED [APPELLANT] RELIEF ON A PCRA PETITION AND ALL WHERE [APPELLANT] PROPERLY PLED AND PROVED THAT HE WAS ENTITLED TO RELIEF WHERE HE DEMONSTRATED THAT AFTER-DISCOVERED EVIDENCE JUSTIFIED A NEW TRIAL?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297 (2011).

Appellant argues he presented testimony from Mr. Diaz at the PCRA remand hearing. Appellant asserts Mr. Diaz's testimony, when viewed in its entirety, suggests Appellant was present at the murder scene but was not the shooter. Appellant maintains he did not discover Mr. Diaz as a witness until after trial and could not have obtained his testimony sooner through the

exercise of reasonable diligence. Appellant contends Mr. Diaz's testimony is not cumulative of other evidence presented at trial and useful solely to impeach credibility. Appellant insists Mr. Diaz's testimony would have compelled a different verdict if presented at trial, as it would have cast reasonable doubt that Appellant was the shooter. Appellant concludes he satisfied the after-discovered-evidence test, and this Court should vacate the order denying PCRA relief and remand for a new trial. We disagree.

To obtain relief on a substantive after-discovered-evidence claim under the PCRA once jurisdiction is established, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586 (2007). ***See also Commonwealth v. Small***, ___ Pa. ___, 189 A.3d 961 (2018) (discussing quality of proposed "new evidence" and stating new evidence must be of higher grade or character than previously presented on material issue to support grant of new trial).

Instantly, this Court already decided that Appellant had met a time-bar exception with Mr. Diaz's affidavit and remanded for an evidentiary hearing on Appellant's substantive after-discovered-evidence claim. The PCRA court denied relief following the remand hearing, reasoning:

> Ultimately the issue is, is there a reasonable probability that
> Mr. Diaz would have changed the outcome of the trial or

compel a different result in a new trial? The answer to that question turns on the issue of whether Jay Diaz is credible. He is not. This [c]ourt finds that there is no reasonable probability that his testimony would have changed the verdict in the trial or compel a different result in a new trial. Accordingly, the [PCRA] petition is hereby formally dismissed.

(N.T., 5/5/17, at 41). In its Rule 1925(a) opinion, the court reiterated that Mr. Diaz's testimony at the hearing was "wholly unreliable" and "not of such nature and character that a different verdict would result if a new trial was granted." (PCRA Court Opinion, filed August 30, 2017, at 4). We are bound by the court's credibility determination. **See Dennis, supra**. Thus, Appellant has failed to satisfy the after-discovered-evidence test. **See Small, supra**; **Washington, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/18