J-S25038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARKUS TROY CARWELL | : | |
| | : | |
| Appellant | : | No. 1884 MDA 2019 |

Appeal from the PCRA Order Entered October 9, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003834-2017

BEFORE: LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 31, 2020**

Appellant, Markus Troy Carwell, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its Rule 907 Notice Opinion, the PCRA court accurately set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. We add only that Appellant timely filed a *pro se* notice of appeal on October 18, 2019. On October 25, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on November 12, 2019.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant raises one issue for our review:

> Was [counsel] ineffective when in the circumstance of this case so unreasonable that it undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place?

(Appellant's Brief at 7).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. H. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. J. Ford*, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335 (Pa.Super. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Howard F. Knisely, we conclude Appellant's claims merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the claims raised.

(*See* PCRA Court Opinion, filed September 13, 2019, at 3-9) (finding: majority of Appellant's claims are based upon allegation that he waived his preliminary hearing in exchange for plea offer of 4½ to 10 years' imprisonment that Commonwealth later rescinded; Appellant claims original plea counsel was ineffective in failing to advise him that offer could be revoked and that all subsequent counsel were ineffective in failing to seek enforcement of original plea offer; Appellant insists his subsequent negotiated plea agreement of 8½ to 17 years' imprisonment was unknowing, involuntary, and unintelligent as result of counsels' ineffectiveness; nevertheless, Appellant signed written guilty plea colloquy form and plea agreement indicating that he knew and understood charges to which he was pleading guilty and sentence he would receive; court also conducted thorough oral plea colloquy to confirm Appellant's guilty plea was knowing, intelligent, and voluntary; Appellant failed to establish that ineffective assistance of counsel caused him to enter invalid plea; prior to entry of guilty plea, defendant has no right to specific enforcement of executory agreement; thus, it is unenforceable; at time Appellant entered negotiated guilty plea, he was aware that original plea offer was no longer in existence; court warned Appellant several times that if he did not want to enter negotiated guilty plea, he should not plead guilty; despite these warnings and despite knowing that current counsel was not seeking to enforce original plea offer, Appellant chose to plead guilty; further, record belies Appellant's claim that he did not know Commonwealth could

rescind original plea offer at time he waived his preliminary hearing; Appellant acknowledged he read original plea offer which was titled "Tentative Plea Negotiation," and expressly stated that offer was "per supervisor approval," and could be voided; thus, Appellant failed to establish plea counsel misled him with respect to tentative plea negotiation or waiver of his preliminary hearing; because court finds no merit to Appellant's underlying claim of original plea counsel's ineffectiveness, it also finds no merit to Appellant's layered claim of direct appeal counsel's ineffectiveness; regarding Appellant's claim that direct appeal counsel had conflict of interest because she is in same public defender's office as Appellant's original plea counsel who Appellant alleged was ineffective, even if Appellant could establish conflict of interest existed, Appellant failed to show that any such conflict caused him prejudice or had any adverse effect on outcome of direct appeal).  Accordingly, we affirm based on the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/31/2020