J-S36019-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JAMES FRENCH | : | |
| | : | |
| Appellant | : | No. 154 WDA 2020 |

Appeal from the PCRA Order Entered November 26, 2019
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s):  CP-17-CR-0000345-2017

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                              FILED AUGUST 14, 2020

Appellant, Michael James French, appeals pro se from the order entered in the Clearfield County Court of Common Pleas, which dismissed his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 28, 2017, Appellant entered a negotiated guilty plea to aggravated assault and indecent assault with a person with a mental disability.[2]  In exchange for Appellant's plea, the Commonwealth withdrew charges of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Appellant engaged in oral sex with Victim, an adult male who suffers from Autism and Cerebral Palsy, and has the mental capacity of a child.

involuntary deviate sexual intercourse, indecent exposure, disorderly conduct, and open lewdness. Additionally, the parties agreed to a minimum term of 12 months' imprisonment for each count, with the maximum term to be decided by the court. On the date of the guilty plea, the court conducted an oral colloquy to confirm Appellant's plea was knowing, intelligent, and voluntary. The court accepted the guilty plea and deferred sentencing pending a pre-sentence investigation report. On November 21, 2017, the court sentenced Appellant to an aggregate term of 1 to 8 years' imprisonment. Appellant timely filed a post-sentence motion on November 27, 2017, which the court denied following a hearing on December 19, 2017.

On December 21, 2018, Appellant timely filed a PCRA petition. The court appointed counsel, who filed a "no-merit" letter and request to withdraw on May 8, 2019. On that same date, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. The court granted counsel's request to withdraw on May 10, 2019. By order dated November 6, 2019 but not docketed until November 26, 2019, the court denied PCRA relief. Appellant timely filed a notice of appeal on December 16, 2019. On April 2, 2020, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b); Appellant timely complied on April 13, 2020.

Appellant raises two issues for our review:

> Was discretion abused and error of law committed by the PCRA court when it did not examine Appellant and his properly proffered witnesses....

> Is the alleged [Victim] … related to any court officials or any influential attorneys of Clearfield County[, thereby] creating bias.

(Appellant's Brief at 7).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. Commonwealth v. H. Ford, 947 A.2d 1251 (Pa.Super. 2008), appeal denied, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. J. Ford, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. Commonwealth v. Wah, 42 A.3d 335 (Pa.Super. 2012).

On appeal, Appellant argues his guilty plea was invalid. Appellant asserts there was no factual basis to support his conviction for aggravated assault. Appellant claims he had no knowledge that Victim suffered from any mental or intellectual disabilities. Appellant maintains he procured two statements from witnesses who could testify that Victim was "out and about"

soliciting sex acts prior to Appellant's encounter with Victim. Appellant insists counsel was ineffective for failing to investigate these witnesses. Appellant concludes this Court must vacate the order denying PCRA relief and permit Appellant to withdraw his plea.[3] We disagree.

As a preliminary matter, we observe:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. ... Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

Commonwealth v. Adams, 882 A.2d 496, 497-98 (Pa.Super. 2005) (internal citations omitted). See also Pa.R.A.P. 2119(a) (stating argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority).

Instantly, Appellant's brief fails to cite any legal authority to support his claims. Although Appellant argues his guilty plea was invalid, references "after-discovered evidence" in the form of witness statements, and alleges ineffective assistance of counsel, Appellant supplies no case law whatsoever[4]

_____

[3] Notwithstanding the phrasing of Appellant's second issue in his statement of questions presented, Appellant does not articulate any argument suggesting that Victim is related to any of the court officials or attorneys involved in Appellant's case.

[4] Appellant's sole reference to law is one mention of Pa.R.Crim.P. 590, without pertinent analysis of that rule of procedure.

- 4 -

and fails to apply any law to the facts of his case. Appellant's failure to develop his claims adequately with citation to relevant legal authority constitutes waiver of his issues on appeal. See Pa.R.A.P. 2119(a); Commonwealth v. Brown, 161 A.3d 960 (Pa.Super. 2017), appeal denied, 644 Pa. 365, 176 A.3d 850 (2017) (holding appellant's failure to properly develop claim and to set forth applicable case law to advance it in argument portion of his brief renders issue waived on appeal).[5] Accordingly, Appellant's issues are waived and we affirm the order denying PCRA relief.

Order affirmed.

_____

[5] Moreover, the PCRA court explained in its Rule 1925(a) opinion: (1) at the time of Appellant's guilty plea, the court conducted a thorough oral plea colloquy to confirm Appellant's plea was knowing, intelligent, and voluntary; Appellant also executed a written guilty plea colloquy; the plea colloquies comported with the requirements of Rule 590 and the case law interpreting that rule; Appellant admitted there was a factual basis for the charges he was pleading guilty to; thus, Appellant's claim that his plea was not voluntary, knowing or intelligent lacks merit; (2) regarding Appellant's proffered witness statements, the fact that those witnesses might have engaged in sexual acts with Victim does not mean those witnesses could have offered expert opinion on Victim's ability to consent where Victim suffers from mental disabilities; more importantly, those witnesses would not be available to aid Appellant at trial because Appellant waived his right to trial by entering the negotiated guilty plea; at the time of his plea colloquy, Appellant testified that he did not want to go to trial and understood all of the rights he was giving up by entering a plea; Appellant merely speculates that counsel was unprepared to call his proffered witnesses had Appellant proceeded to trial; Appellant fails to meet his burden to prove counsel was ineffective. (See PCRA Court Opinion, filed May 1, 2020, at unnumbered pages 4-6; 10-11). The record supports the PCRA court's analysis. See H. Ford, supra. Thus, even if Appellant had preserved his claims on appeal, they would merit no relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/14/2020