**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| REMIC GUYAH | : | |
| | : | |
| Appellant | : | No. 2979 EDA 2019 |

Appeal from the PCRA Order Entered April 26, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0200121-2006

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 05, 2021**

Appellant, Remic Guyah, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court has previously set forth the relevant facts of this case as follows:

> On May 25, 2005, Philadelphia Police Officer Vincent LaBrice responded to 2400 Ridge Avenue following reports of a robbery.  Officer LaBrice met with [Victim], who informed police that he had just been robbed by two black males.  [Victim] informed police that he had been using an ATM when he was approached by the two males, who robbed him at gunpoint of $100.  Police then put out the description of the two suspects over police radio.  Officer Ryan Ewald, who was on route to the scene of the robbery, saw [Appellant] on the 1700 block of Lambert Street and noticed that [Appellant] matched the description provided over the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

police radio. Officer Ewald stopped [Appellant] for investigation and recovered two Ziploc bags containing crack-cocaine and $89. Officer LaBrice transported [Victim] to where [Appellant] was being held and [Victim] positively identified [Appellant] as one of the two individuals who robbed him. A witness, Estelle Roney, informed police that she had seen [Appellant] and another person throw two firearms into the bushes on the corner of 20th Street and Cecil B. Moore Avenue, where police recovered two firearms.

(PCRA Court Opinion, filed February 24, 2016, at 3) (internal citations omitted).

Prior to the start of trial, the court instructed trial counsel to inform Appellant of his trial date. Nevertheless, Appellant did not appear for trial. The court found that Appellant willfully failed to appear. (*See* N.T. Trial, 7/6/09, at 11-12). A jury convicted Appellant, *in absentia*, on July 8, 2009 of robbery, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing instruments of crime, and conspiracy. On that same day, the court sentenced Appellant to an aggregate term of thirteen (13) to twenty-six (26) years in prison. On July 13, 2009, Appellant filed timely post-sentence motions, which the court denied on July 15, 2009. Appellant did not file a direct appeal.

On March 20, 2013, Appellant filed his first PCRA petition *pro se*. The court appointed counsel, who subsequently filed a **Turner/Finley**[2] no-merit letter. On September 18, 2014, the court issued Pa.R.Crim.P. 907 notice of

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

its intent to dismiss the petition without a hearing. Following Appellant's response, the court dismissed Appellant's first petition on December 12, 2014, and granted counsel's motion to withdraw.

Over the next several years, Appellant unsuccessfully litigated four additional PCRA petitions, and numerous *pro se* motions seeking to modify or vacate his judgment of sentence. On January 17, 2019, Appellant filed the current *pro se* PCRA petition. Appellant filed an "addendum" to this petition on February 19, 2018. On March 14, 2019, the court issued Rule 907 notice. On March 25, 2019, Appellant filed an amended PCRA petition. The court dismissed the current petition on April 26, 2019. On May 5, 2019, Appellant timely filed a *pro se* notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors on October 24, 2019. Following the grant of an extension, Appellant timely filed his concise statement on November 26, 2019.

Appellant raises the following issues for our review:

> Whether the PCRA court erred when it determined that Appellant's petition did not satisfy the newly discovered fact exception?

> Has Appellant satisfied the requirement for an exception to the PCRA time bar, 42 Pa.C.S.A. § 9545(b)(1)(ii), [because] the statement contained in the secure docket was unknown to Appellant under **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017)?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination

- 3 -

and whether the court's decision is free of legal error. **Commonwealth v. H. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. J. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012).

For purposes of disposition, we combine Appellant's issues. Appellant argues that his trial counsel abandoned him and failed to give him notice of his trial date. Appellant asserts he received a secure docket sheet from the court on November 20, 2018, indicating that the court had instructed counsel in 2008 to inform Appellant of his trial date. Appellant claims counsel failed to do so. Appellant insists he could not have discovered this "new fact" sooner because he did not have access to the secure docket sheet.[3] Appellant

_____

[3] Appellant also argues the PCRA court erroneously applied the "public record presumption" set forth in **Burton, supra**, because our Supreme Court recently overruled that presumption in **Commonwealth v. Small**, ___Pa.___,

- 4 -

contends he satisfied the "newly-discovered facts" exception to excuse his facially untimely filing. Appellant concludes the court improperly dismissed his current PCRA petition as untimely, and this Court must grant appropriate relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

238 A.3d 1267 (2020). As we do not rely on that presumption to dispose of this case, we give no further attention to Appellant's analysis of *Small*.

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).    A petitioner asserting a timeliness exception must also file the petition within the required statutory window.  42 Pa.C.S.A § 9545(b)(2).

To meet the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015).  Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id.*

Instantly, the court sentenced Appellant on July 8, 2009.  The court denied Appellant's post-sentence motions on July 15, 2009.  Appellant did not file a notice of appeal, so his judgment of sentence became final thirty days later, on August 14, 2009.  *See* Pa.R.Crim.P. 720(A)(2)(a).  Appellant did not file his current PCRA petition until January 17, 2019, which is patently untimely.  *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant now attempts to invoke the "newly-discovered fact" exception to the PCRA time-bar, claiming he did not learn of the court's instruction for trial counsel to inform Appellant of his trial date until Appellant reviewed the secure docket sheet in November 2018.  Nevertheless, Appellant's trial

transcripts make clear the court had directed trial counsel to inform Appellant of the date set for trial (*see* N.T. Trial at 12), and Appellant cited to this same transcript in his memorandum of law in support of a prior PCRA petition (*see* PCRA petition, filed 2/28/17). Thus, Appellant could have discovered his proffered "newly-discovered fact" sooner, with the exercise of due diligence. *See Brown, supra*. Further, Appellant does not explain why he was unable to obtain the secure docket sheet earlier with the exercise of due diligence. *See id. See also Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super. 2001) (holding that trial counsel's failure to file direct appeal was discoverable during appellant's one-year window to file timely PCRA petition; "A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed"). Based upon the foregoing, Appellant's current petition remains time-barred. Accordingly, we affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/5/2021*