J-S23045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PEDRO LUIS GAVILAN-CRUZ | : | |
| | : | |
| Appellant | : | No. 388 MDA 2022 |

Appeal from the PCRA Order Entered January 27, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001911-2014

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: NOVEMBER 15, 2022**

Pedro Luis Gavilan-Cruz, *pro se*, appeals from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As background, Gavilan-Cruz was found guilty by a jury of rape and eight related charges stemming from a 2014 incident wherein he held his ex-girlfriend hostage under the threat of death, sexually abusing her in the process. Ultimately, Gavilan-Cruz received an aggregate sentence of sixteen to thirty-two years of incarceration, reflective, too, of the fact that he used a deadly weapon during the commission of those crimes. In addition, Gavilan-Cruz was required to pay restitution, costs, and fees and thereafter had lifetime registration obligations as a sexual offender.

_____

* Retired Senior Judge assigned to the Superior Court.

After sentencing, although Gavilan-Cruz filed no post-sentence motions, he did file a timely notice of appeal to this Court. However, eventually, we dismissed this appeal due to counsel's failure to file a brief on Gavilan-Cruz's behalf.

On July 14, 2016, Gavilan-Cruz filed his first PCRA petition, asserting that because no brief was filed in his direct appeal, he received ineffective assistance of counsel. The lower court granted relief, allowing Gavilan-Cruz to file an appeal with this Court *nunc pro tunc* challenging his judgment of sentence. In the corresponding unpublished memorandum, we did not find any validity to the additional ineffective assistance claims raised in his appeal and affirmed. ***See Commonwealth v. Gavilan-Cruz***, 2016 WL 7048829 (Pa. Super., filed December 5, 2016) (unpublished memorandum) (concluding that Gavilan-Cruz's ineffective assistance assertions were not ripe for direct review, but were potentially appropriate for collateral review).

On December 13, 2016, Gavilan-Cruz filed his second PCRA petition, which again averred that Gavilan-Cruz had received ineffective assistance of counsel throughout various phases of his pre-trial and trial continuum. The lower court held an evidentiary hearing on these allegations, but denied him relief and dismissed his petition. Subsequently, Gavilan-Cruz filed a notice of appeal with this Court. Via unpublished memorandum, we affirmed the lower court's decision. ***See Commonwealth v. Gavilan-Cruz***, 2018 WL 1887121 (Pa. Super., filed April 20, 2018) (unpublished memorandum). After that, our Supreme Court, on October 11, 2018, denied Gavilan-Cruz's petition for

- 2 -

allowance of appeal from our determination. Following our Supreme Court's denial, Gavilan-Cruz filed a federal *habeas* petition, *pro se*, pursuant to 28 U.S.C. § 2254, but that petition, too, was eventually dismissed on August 19, 2021.

The present PCRA petition, his third, features a date of August 30, 2021. In that document, Gavilan-Cruz's makes a wide variety of claims, ranging from allegations of ineffective assistance of counsel to having been affected by judicial and prosecutorial misconduct. After the lower court reviewed his submission, it found the petition to be untimely and without exception, resulting in its dismissal. Gavilan-Cruz has appealed from this determination.

Preliminarily, we note that Gavilan-Cruz's brief is woefully deficient in many respects. *Inter alia*, his brief does not contain "separately and distinctly entitled" sections, in violation of Pa.R.A.P. 2111(a). Specifically, Gavilan-Cruz has omitted a statement of jurisdiction, statement of questions involved, statement of the case, summary of argument, or argument section. ***See*** Pa.R.A.P. 2111(a). Instead, the brief contains a one-sentence introduction, twenty-one numbered paragraphs, and a conclusion seeking relief. ***See*** Appellant's Brief.

We recognize that Gavilan-Cruz has elected to proceed *pro se* in this matter. Despite this fact, we emphasize that his status as a *pro se* litigant does not confer any sort of special benefits on him. ***See Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005). More particularly, "[a]lthough the courts may liberally construe materials filed by a *pro se* litigant … a court

cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766 (Pa. 2014). Given the infirmities of Gavilan-Cruz's brief, we could very well find waiver; however, because resolution of this appeal is clear, we choose not to dismiss on that basis.

Despite there being no attempt to identify, with any particularity, the question or questions Gavilan-Cruz desires to present to this Court, we glean from his brief that he contends his trial, direct appellate, and post-conviction counsel were all ineffective.[1]

When reviewing the denial of a PCRA petition, we dually consider whether the lower court's determination is supported by the record and free of legal error. ***See Commonwealth v. Ford***, 947 A.2d 1251, 1252 (Pa. Super. 2008). Only in cases where is no support in the certified record will we entertain disturbing the lower court's findings. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Any PCRA petition, "including a second or subsequent petition[ must] be filed within one year of the date [a] judgment [of sentence] becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the

---

[1] To the extent that his PCRA petition contains assertions of prosecutorial and judicial misconduct, there is no reference to either in his brief. As such, we consider those issues waived. ***See Commonwealth v. Woodard***, 129 A.3d 480, 509 (Pa. 2015) (stating that "where an appellate brief fails to … develop an issue in any … meaningful fashion capable of review, that claim is waived[]") (citation omitted).

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*., at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional, and as such, courts cannot address the merits of an untimely petition. *See Commonwealth v. Moore*, 247 A.3d 990, 998 (Pa. 2021).

With our Supreme Court denying his petition for allowance of appeal, which sought review of his judgment of sentence, in October 2018, Gavilan-Cruz filed his current PCRA petition in 2021, well over one year after his judgment of sentence became final. *See* U.S. Sup.Ct. Rule 13(1) (allowing for the filing of a writ of *certiorari* with the United States Supreme Court within ninety days after entry of an order denying discretionary review from the state court of last resort; here, Gavilan-Cruz would have had until January 2019 to submit this filing). As his petition is therefore untimely, to overcome the PCRA's one-year jurisdictional time-bar, Gavilan-Cruz must plead and prove one of its three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). In addition, to invoke one of these exceptions, the petition must be filed "within one year of the date the claim could have been presented." *Id*., at § 9545(b)(2).

Gavilan-Cruz's brief provides no basis to conclude that he has met any of the PCRA exceptions.[2] In fact, even through the most generous reading possible, Gavilan-Cruz provides no reference to the three exceptions, and despite it being his burden to demonstrate, the brief fails to show that he has pleaded and proved even one of them. While Gavilan-Cruz makes several averments that point to discrete examples of his trial, appellate, and post-conviction counsel providing him with ineffective assistance, he in no way has tethered those allegations to anything that could arguably serve as a basis to overcome the PCRA's time-bar.

As Gavilan-Cruz's petition is untimely and, too, because he has failed to establish an exception to the PCRA's time-bar, we are without jurisdiction to

---

[2] The record reflects that Gavilan-Cruz filed, still *pro se*, an amended PCRA petition dated October 27, 2021. In that petition, Gavilan-Cruz implicitly attempts to circumvent the PCRA's time-bar, contending that he became aware of "[a]fter-[d]iscover[ed] evidence [that] would show that the [p]etitioner is not guilty of said charges." Amended PCRA Petition, dated 10/27/21, ¶ 10. In particular, Gavilan-Cruz cursorily contends that "records and telephone calls" demonstrate that the charges against him "were brought [forth] out of ill-feelings from his child's mother." *Id*., at ¶ 11. However, Gavilan-Cruz has written nothing about this supposition in his brief before this Court. Moreover, the relevant portions of this amended PCRA petition are replete with bald assertions that in no way "prove" that he has met an exception to the time-bar. For example, there is no reference to any date in which he became aware of the so-called records or telephone calls. Also, Gavilan-Cruz does not discuss how those facts underpin the issues he is now bringing forth on appeal, i.e., ineffective assistance of various counsel.

consider the merits of his claims. Accordingly, we affirm the lower court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2022