J-S42035-22
J-S42036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN PAUL JONES | : | |
| | : | |
| Appellant | : | No. 1470 WDA 2021 |

Appeal from the PCRA Order Entered November 17, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009241-1999,
CP-02-CR-0009242-1999, CP-02-CR-0009243-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN PAUL JONES | : | |
| | : | |
| Appellant | : | No. 740 WDA 2022 |

Appeal from the PCRA Order Entered November 17, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009242-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN PAUL JONES | : | |
| | : | |
| Appellant | : | No. 741 WDA 2022 |

Appeal from the PCRA Order Entered November 17, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009241-1999

J-S42035-22
J-S42036-22

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :              PENNSYLVANIA
                                           :
                  v.                   :
                                           :
                                         :
JONATHAN PAUL JONES          :
                                           :
             Appellant       :     No. 742 WDA 2022

Appeal from the PCRA Order Entered November 17, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009243-1999

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:         **FILED: FEBRUARY 16, 2023**

Jonathan Paul Jones, *pro se*, appeals from the order dismissing as untimely his serial petition, likely his eleventh, filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. As Jones has failed to plead and prove an exception to the PCRA's time-bar, we affirm.

None of the facts underpinning Jones's convictions are relevant to the present appeal. Briefly, in 2000, Jones was found guilty in a consolidated jury trial of three counts of burglary, two counts of rape, two counts of aggravated indecent assault, and one count each of robbery and simple assault. Correspondingly, Jones was sentenced, in the aggregate, to 80 to 160 years of incarceration. After this Court affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal on September 16,

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

2003.[1] Over the course of the next eighteen years, Jones filed multiple unsuccessful PCRA petitions.

On July 20, 2021, Jones filed the present PCRA petition, which was dismissed by the lower court as untimely and without exception. Thereafter, Jones filed a timely notice of appeal.[2]

Preliminarily, we note the deficiencies inherent to Jones's hand-written brief. The brief, itself, contains four titled sections: (1) Scope of Review; (2) Standard of Review; (3) Summary Statement (acting, seemingly as his argument section, albeit undivided); and (4) Conclusion. **See** Appellant's Brief. However, in violation of Pennsylvania Rule of Appellate Procedure 2111, *inter alia*, there is no statement of questions involved nor is there any statement of the case. The omission of a statement of questions involved is particularly problematic. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly

---

[1] It appears that Jones did not subsequently attempt to obtain any relief from the United States Supreme Court.

[2] While Jones timely filed the instant appeal, he originally only submitted a single notice of appeal that listed all three docket numbers, in violation of **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (requiring appellants to file separate notices of appeal from single orders that resolve issues on more than one docket). However, predicated on the more recent decision of **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), this Court remanded the case so that Jones could file three new notices of appeal. **See** 265 A.3d at 477 (establishing that Pa.R.A.P. 902 "permits the appellate court, in its discretion, to allow correction of [this type of] error"). Given that Jones complied with our directive, we kept the original appeal docket number to validate the timeliness of the present appeal and have further consolidated the three post-remand dockets.

suggested thereby."). More fundamentally, while there are citations to authority contained in the Summary Statement section, *see* Pa.R.A.P. 2119(b), Jones's attempt to tether the facts germane to his appeal to those citations lacks coherence.

On appeal, as best can be discerned given that there has been no attempt to identify the questions he desires to present to this Court, Jones chiefly contends: (1) the record is incomplete/inaccurate, specifically referring to alleged events that occurred on April 9, 1999; and (2) there has been some sort of *Brady* violation, *see Brady v. Maryland*, 373 U.S. 83 (1963).

In reviewing the denial of a PCRA petition, we jointly consider whether the lower court's determination is supported by the record and free of legal error. *See Commonwealth v. Ford*, 947 A.2d 1251, 1252 (Pa. Super. 2008). We will entertain disturbing the lower court's findings only where is no support for its decision in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Any PCRA petition, "including a second or subsequent petition[ must] be filed within one year of the date [a] judgment [of sentence] becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*., at § 9545(b)(3). As the PCRA's timeliness requirements are jurisdictional, courts cannot address the merits of an

untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

Here, our Supreme Court denied Jones's petition for allowance of appeal on September 16, 2003, and Jones filed the now at-issue petition on July 20, 2021. This filing was well beyond one year after his judgment of sentence became final, which would have been at or around December 16, 2003. **See** U.S. Sup.Ct. Rule 13(1) (allowing for the filing of a writ of *certiorari* with the United States Supreme Court within ninety days after entry of an order denying discretionary review from the state court of last resort).

As his petition is patently untimely, to overcome the PCRA's one-year jurisdictional time-bar, Jones must plead and prove one of its three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii). In addition, "[a]ny petition invoking [one of these] exception[s] … [must] be filed within one year of the date the claim could have been presented." **Id**., at § 9545(b)(2) (elongated, via a 2018

amendment, from a sixty-day period to apply to claims arising on December 24, 2017, or thereafter).

In Jones's petition, he avers that he has satisfied an exception to the PCRA's time-bar because of "ineffective assistant [sic] of counsel"; "prosecutorial misconduct"; and a "deposition hearing" in February 2000 that apparently violated his right to a fair trial. PCRA Petition, 7/20/21, at 3.

In his brief, however, Jones details the events of April 9, 1999, wherein he was allegedly "illegally removed from a 'state' prison and transported from Westmoreland County to Allegheny County for an illegal interrogation, lineup, and arrest without the presence of a lawyer or judge." Appellant's Brief, at 6. In addition, Jones emphasizes that he was later "threatened and harassed into illegally providing a 'blood' and saliva sample." *Id*. Also, Jones states that he was left in jail without bail or a jail commitment order. *See id*. Broadly, Jones takes issue with the events of this day having never been recorded or presented at trial, framing those acts by governmental actors as illegal. The brief suggests that he has circumvented the PCRA's time-bar because: (1) there has been interference by government officials and his counsel was ineffective for not investigating this situation; and (2) there would be newly discovered facts or evidence had due diligence been exercised in seeking out this information that could have been used at trial. *See id*., at 8.

Despite the ambiguity between the claims contained in the PCRA petition and the contents of the brief submitted in this appeal, neither provides a basis

to conclude that Jones has met any of the PCRA's exceptions. In his petition, there is no mention of when he became aware of *any* element of the time-bar-related claims he made therein.

While, in his brief, Jones provides a cursory acknowledgment of at least two of the PCRA's time-bar exceptions–government interference and newly discovered facts–there is absolutely no explanation as to why his claims could not have been presented earlier. Specifically, Jones does not illuminate any dates as to when he apparently became aware of government interference having impacted his case. Based on what is asserted in his brief, it seems clear that Jones would have known what had happened on April 9, 1999, having been, as the suffering party, integrally a part of the averments made as to that day. To the extent Jones insinuates that those officials engaged in some sort of interference during or after that event and Jones was unaware of this interference at the time, he does not highlight when or how that information became known. Similarly, as to the newly discovered facts exception, it is unclear, specifically, what he is defining as those facts or when, too, he became cognizant of those facts. In fact, through a thorough reading of his brief, Jones mentions no dates beyond April 1999. These infirmities prove fatal in his attempt to circumvent the PCRA's time-bar.

As Jones's petition is untimely and, further, because he failed to plead and prove an exception to the PCRA's time-bar, we do not have jurisdiction to consider the merits of his underlying claims. Accordingly, we affirm the lower

court's order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2023